No. 98,930

DEREK J. REBEL, *Appellant*, v. KANSAS DEPARTMENT OF
REVENUE, *Appellee*.

(204 P.3d 551)

Opinion filed March 27, 2009.

*Michael S. Holland II*, of Holland and Holland, of Russell, argued the cause and was on the brief for appellant.

*John D. Shultz*, of Legal Services Bureau, Kansas Department of Revenue, argued the cause, and *James G. Keller*, of the same office, was with him on the briefs for appellee.

The opinion of the court was delivered by

DAVIS, J.: The Kansas Department of Revenue (KDR) petitions this court for review of the Court of Appeals' decision reversing the district court's dismissal of Derek Rebel's petition for judicial review of his driver's license suspension. The district court dismissed Rebel's petition for lack of subject matter jurisdiction, finding that the petition did not strictly comply with the pleading requirements of K.S.A. 77-614(b)(5) and (b)(6) of the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.*, in violation of this court's opinion in *Bruch v. Kansas Dept. of Revenue*, 282 Kan. 764, 148 P.3d 538 (2006). The Court of Appeals reversed in an unpublished opinion. *Rebel v. Kansas Dept. of Revenue*, No. 98,930, unpublished opinion filed December 21, 2007.

We granted the KDR's petition for review in conjunction with our grant of review in *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 204 P.3d 562 (2008), to clarify the pleading requirements for petitions for judicial review under the KJRA after our recent opinion in *Bruch*, where we held that strict compliance with those pleading requirements was necessary in order to confer appellate jurisdiction. 282 Kan. 764, Syl. ¶¶ 2, 4, 5. We now affirm the decision of the Court of Appeals reversing the district court, reverse the decision of the district court dismissing the case, and remand the case for further proceedings.

FACTS

In the early morning on October 22, 2005, Derek Rebel was operating a vehicle in Hays, Kansas. After witnessing Rebel's vehicle weaving within its lane, Officer Jeffrey Ridgway of the Hays

Police Department initiated a traffic stop. An evidentiary breath test administered by Officer Ridgway showed that Rebel had a blood-alcohol concentration of 0.237; the record indicates, however, that this test was based on a deficient sample because Rebel refused to complete the testing.

The officer found that Rebel failed a sobriety test and exhibited slurred speech, bloodshot eyes, difficulty in communicating, and poor balance or coordination; Officer Ridgway also certified that Rebel had informed the officer that he had consumed alcohol or drugs. Based on these observations, Officer Ridgway certified that he had reasonable grounds to believe that Rebel had been operating a vehicle under the influence of drugs or alcohol in violation of K.S.A. 8-1001 *et seq.* and issued a notice of suspension of Rebel's driver's license.

On October 27, 2005, Rebel requested an administrative hearing with the KDR to review his suspension order. A hearing was conducted on October 25, 2006, after which the KDR issued an administrative order affirming the suspension of Rebel's driver's license. Shortly thereafter, Rebel filed a timely petition for judicial review in Ellis County District Court. See K.S.A. 2007 Supp. 8-259. Rebel's petition for judicial review contained the following two critical paragraphs:

"6. That plaintiff seeks review of all issues raised by plaintiff in the hearing before the administrative hearing officer, in Hays, KS.

"7. The order suspending plaintiff's driving privileges should be vacated by this Court because the officer improperly certified the form DC-27, licensee did not refuse testing but was physically unable to complete testing due to medical condition; and plaintiff also seeks review of all issues raised before the administrative hearing officer at the October 25, 2006, hearing."

The KDR filed a motion to dismiss Rebel's petition for judicial review, arguing that the petition failed to strictly comply with the pleading requirements of the KJRA, specifically K.S.A. 77-614(b)(5) and (b)(6). The motion also claimed that the district court did not have jurisdiction over the issue regarding Rebel's alleged medical condition because Rebel did not present any evidence relating to that condition at the administrative hearing.

The district court dismissed Rebel's petition for failure to comply with the requirements of K.S.A. 77-614(b)(5) and (b)(6). The district court's order made no mention of the KDR's argument relating to Rebel's alleged medical condition.

Rebel appealed, and the Court of Appeals reversed the district court's dismissal of the action in an unpublished opinion. *Rebel,* slip op. at 3-4. The Court of Appeals found that "[b]y stating facts to support [Rebel's] claim that he did not refuse testing but was physically unable to complete testing *due to a medical condition,* the petitioner's pleading is more specific than the one rejected in *Bruch." Rebel,* slip op. at 3-4. Thus, the court held that Rebel's petition met the pleading requirements of the KJRA. Slip op. at 4.

The KDR petitioned this court for review, claiming that the Court of Appeals erred in finding that Rebel's petition strictly complied with the pleading requirements of K.S.A. 77-614(b). The KDR also renews its claim from its motion to dismiss that the district court did not have subject matter jurisdiction to review the medical-condition claim because this claim was not adequately presented at the administrative hearing. Although the KDR recognizes that it did not raise this claim by way of a cross-appeal, it construes the issue as involving the exhaustion of administrative remedies and claims that it goes to the court's subject matter jurisdiction to hear this appeal.

Rebel did not file a response. This court granted the KDR's petition for review on all issues presented.

DISCUSSION

The KDR raises three issues in its petition for review: (1) whether Rebel's petition for review strictly complied with K.S.A. 77-614(b)(5); (2) whether Rebel's petition for review strictly complied with K.S.A. 77-614(b)(6); and (3) whether the alleged failure to raise Rebel's claim that a medical condition prevented him from providing an accurate evidentiary breath test (deficient sample) bars the court from reviewing that issue. The first two claims by the KDR implicate Kansas courts' subject matter jurisdiction to consider a petition for judicial review. See *Bruch,* 282 Kan. at 773-74, 785-87 (strict compliance with the pleading requirements of

K.S.A. 77-614[b] is necessary before a court may exercise jurisdiction over a petition for judicial review). This court considered all three of these issues in *Kingsley*, 288 Kan. 390, Syl. ¶¶ 1-12.

STRICT COMPLIANCE WITH THE KJRA'S PLEADING REQUIREMENTS

In *Kingsley*, this court reversed the district court's dismissal of a petition for judicial review, concluding that the petition strictly complied with the plain language of K.S.A. 77-614(b). See *Kingsley*, 288 Kan. at 407-08. We reiterated that under *Bruch*, "strict compliance with the KJRA's pleading requirements is necessary to confer subject matter jurisdiction over a petition for judicial review," and " '[c]ompliance with the specific language of K.S.A. 77-614(b) meets the strict compliance requirement.' " *Kinglsey*, 288 Kan. at 399 (quoting *Bruch*, 282 Kan. at 781).

We emphasized in *Kingsley* that K.S.A. 77-614(b)(5) and (b)(6) "set forth two distinct requirements for petitions seeking an appeal under the KJRA." 288 Kan. at 401. Applying these statutory sections to the case now before us, we conclude that Rebel's petition for judicial review strictly complied with the KJRA's pleading requirements.

*K.S.A. 77-614(b)(5)*

K.S.A. 77-614(b)(5) states that a petition for judicial review under the KJRA "shall set forth . . . facts to demonstrate that the petitioner is entitled to obtain judicial review." K.S.A. 77-607(a) provides that a petitioner is "entitled to judicial review of [a] final agency action" under the KJRA if that person "qualifies . . . regarding (1) standing (K.S.A. 77-611), (2) exhaustion of administrative remedies (K.S.A. 77-612) and (3) time for filing the petition for judicial review (K.S.A. 77-613)."

We reviewed these provisions in *Kingsley* and concluded that "[t]here can be no question that the pleading requirement in K.S.A. 77-614(b)(5) is referring to" K.S.A. 77-607 when a petition requests review of a final agency decision. 288 Kan. at 401. Thus, in a case that involves an appeal from a final agency action, "the plain statutory language of the KJRA requires that a petitioner provide facts that demonstrate the petitioner has standing, has ex-

hausted administrative remedies, and is filing a timely petition for judicial review." 288 Kan. at 403.

Turning to the level of specificity required of a petitioner's pleading in order to strictly comply with K.S.A. 77-614(b)(5), we concluded:

"K.S.A. 77-614(b)(5) provides that petitions for judicial review under the KJRA must set forth *'facts* to *demonstrate* that the petitioner is entitled to obtain judicial review.' (Emphasis added.) The statute does not require legal arguments or statutory citations, but *facts*. Thus, if there are sufficient facts in a petition for judicial review from which the agency and reviewing court can determine that the requirements for standing, exhaustion, and timing are met, petitioner is 'entitled to obtain judicial review' in accordance with the requirements of K.S.A. 77-607(a). In light of the specific statutory requirements of K.S.A. 77-607(a), the safer practice for a petitioner seeking an appeal under the KJRA from a final agency action is to specifically and separately state in the petition facts establishing standing, exhaustion, and timing. However, a petition for judicial review will not be dismissed on its face if the petition as a whole establishes those required facts." *Kingsley*, 288 Kan. at 404.

Applying this standard to the present case, we find that Rebel's petition for judicial review has set forth sufficient facts to demonstrate that he has standing, that he exhausted the administrative process, and that he filed his petition for judicial review within the statutory period. His petition therefore demonstrates that he is entitled to judicial review under the KJRA. Because the district court erred in its conclusion that Rebel did not meet the requirements of K.S.A. 77-614(b), we reverse that decision.

### K.S.A. 77-614(b)(6)

K.S.A. 77-614(b)(6) states that petitions for judicial review under the KJRA "shall set forth . . . the petitioner's reasons for believing that relief should be granted." In other words, a petition for judicial review must set forth the specific issues that will be raised before the district court. See *Bruch*, 282 Kan. at 785-87. In *Bruch*, we indicated that this pleading requirement serves two purposes: (1) It puts the district court and administrative agency on notice as to what issues will be reviewed, and (2) it assures that only issues that were raised at the administrative hearing will be considered on appeal. 282 Kan. at 783.

Despite this discussion, *Bruch* provided little guidance on the degree of specificity required of a petition for judicial review under K.S.A. 77-614(b)(6) in order to survive an initial motion to dismiss. *Kingsley*, 288 Kan. at 405-06. We considered this question in more detail in *Kingsley*, where we explained:

"The plain language of K.S.A. 77-614(b)(6) requires a petitioner to include in his or her petition for judicial review *the petitioner's reasons* for believing that relief should be granted. We interpret this language to state that as long as the petitioner sets forth sufficiently specific reasons for relief so that the court and agency can ascertain the issues that will be raised before the district court, the petitioner has satisfied the pleading requirement. If the district court later determines that the petitioner's case consists only of issues that were not specifically pleaded in the petition for judicial review, the court may do what it did in *Bruch*— dismiss the petition for lack of jurisdiction.

"Thus, a petition for judicial review strictly complies with K.S.A. 77-614(b)(6) when the reasons for relief set forth in the petition give the court and the agency notice of the issues that will be raised. While it is a better practice for the language in the petition for judicial review to mirror the statutory basis for the specific relief requested, the failure to cite to specific statutory language will not result in a lack of jurisdiction to review the agency decision." 288 Kan. at 406-07.

Applying this standard to the case before us, we conclude that Rebel has set forth the reasons why he believes relief should be granted in this case—namely, that "the officer improperly certified the form DC-27" and that Rebel "did not refuse testing but was physically unable to complete testing due to a medical condition."

In its petition for review, the KDR argues that Rebel's allegation regarding the failure to complete the evidentiary breath test due to a medical condition fails to strictly comply with K.S.A. 77-614(b)(6) because the petition for judicial review does not state which medical condition prevented Rebel from completing the breath test. The basis for the medical-condition defense is set forth in K.S.A. 2007 Supp. 8-1001(l): "Failure of a person to provide an adequate breath sample or samples as directed shall constitute a refusal unless the person shows that the failure was due to physical inability caused by a medical condition unrelated to any ingested alcohol or drugs." The KDR claims that Rebel's petition is deficient because it (1) fails to give any details as to the particular type of

medical condition involved and (2) does not state that the alleged medical condition is unrelated to the ingestion of alcohol or drugs.

These arguments are without merit. K.S.A. 77-614(b)(6) does not require a petition to set forth the *factual* bases for the issues to be presented on appeal—it only requires that the petition set forth the petitioner's *"reasons* for believing that relief should be granted." (Emphasis added.) The failure to include specific factual statements regarding a petitioner's reasons for believing that he or she should prevail on appeal does not act as a jurisdictional bar to review as long as the petition itself gives sufficient notice to the court and agency of the specific issues to be raised.

Because Rebel set forth in his petition for judicial review his reasons for believing why relief should be granted in this case, Rebel has strictly complied with the pleading requirements of K.S.A. 77-614(b)(6), and the district court erred when it dismissed the case on the face of Rebel's petition.

## Conclusion

The district court erred when it concluded that Rebel's petition for judicial review should be dismissed under K.S.A. 77-614(b)(5) and (b)(6). Rebel's petition sets forth facts demonstrating that he is entitled to judicial review—that he has standing, has exhausted his administrative remedies, and has complied with the applicable timing requirements. The petition also sets forth Rebel's reasons for believing why relief should be granted in this case. For these reasons, we affirm the Court of Appeals' decision reversing the district court's dismissal of Rebel's petition, reverse the district court's decision, and remand the case to the district court for further proceedings.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The KDR also argues that this court lacks subject matter jurisdiction to hear any argument relating to Rebel's claim that the evidentiary breath test was inaccurate due to a medical condition because Rebel did not present any evidence relating to a medical condition during his administrative hearing. According to the KDR, the only time a potential medical condition was mentioned

during the administrative hearing was during the cross-examination of Officer Ridgway by Rebel's counsel. Rebel was not present at the hearing to testify. The KDR claims that because Rebel failed to present any evidence at the hearing on this claim, the court does not have jurisdiction to review the hearing officer's decision with regard to that issue. The KDR characterizes its claim as a failure by Rebel to exhaust his administrative remedies.

The KDR did not argue this claim before the Court of Appeals. Ordinarily, claims not presented in an appellate brief are deemed abandoned and will not be considered by this court on petition for review. See *State v. Greever*, 286 Kan. 124, 131, 184 P.3d 788 (2008); *Cooke v. Gillespie*, 285 Kan. 748, Syl. ¶ 2, 176 P.3d 144 (2008). Issues relating to the court's subject matter jurisdiction to hear a particular claim, however, may be raised at any time. See *Vorhees v. Baltazar*, 283 Kan. 389, 397, 153 P.3d 1227 (2007). This court has repeatedly held that if a person does not exhaust all available and adequate administrative remedies before filing a petition for judicial review of an agency action, the district court lacks subject matter jurisdiction to consider the contents of the petition. See *Dean v. State*, 250 Kan. 417, 427-28, 826 P.2d 1372, *cert. denied* 504 U.S. 973 (1992).

We considered this exact claim in *Kingsley*, where we found that the KDR's argument was not that the petitioner had failed to avail himself of the administrative *procedure* available to challenge the suspension of his driver's license (a question of exhaustion), but rather was more accurately an argument that the particular *issues* raised in the petition for judicial review had not been preserved for appeal. See *Kingsley*, 288 Kan. at 408-11. We reach the same conclusion here.

After receiving the order of suspension from Officer Ridgway, Rebel filed a timely request for an administrative hearing. This hearing was held in October 2006, after which the hearing officer issued an administrative order affirming the suspension of Rebel's driver's license. Rebel then filed the petition for judicial review that is the subject of this appeal. In short, Rebel exhausted the entire administrative procedure available to him regarding the sus-

pension of his driver's license. He therefore exhausted his administrative remedies in accordance with K.S.A. 77-612.

The KDR's exhaustion argument is better understood as a claim that because Rebel did not present evidence regarding his medical condition at the administrative hearing, he did not preserve that issue for judicial review. This claim is important because in an appeal from a decision by an administrative agency, a party may only argue the issues raised at the administrative hearing. K.S.A. 77-617; *In re Tax Appeal of Panhandle Eastern Pipe Line Co.*, 272 Kan. 1211, 1235, 39 P.3d 21 (2002).

The record before us contains no transcript for the hearing in this case. Instead, the only documentation contained in the record on appeal detailing what occurred during the administrative hearing are the administrative hearing notes, which contain the following notations under the section "Other issues raised": "(1) R—did not refuse testing—medical condition prevented completion of test."

As was the case in *Kingsley* and *Bruch*, the KDR's claim that Rebel did not raise the claim regarding his alleged medical condition during the administrative hearing is not supported by the record. See *Kingsley*, 288 Kan. at 411-13; *Bruch*, 282 Kan. at 774. Rather, the administrative hearing notes list the precise issues for which Rebel is seeking review. We therefore conclude that these issues were preserved for review.

The decision of the Court of Appeals reversing the district court is affirmed. The decision of the district court is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.