No. 103,297

BARTLETT GRAIN COMPANY, L.P., *Appellant*, v. KANSAS
CORPORATION COMMISSION, *Appellee.*
(256 P.3d 867)

Opinion filed
August 5, 2011.

*Simon B. Buckner*, of Kansas City, Missouri, argued the cause and was on the briefs for appellant.

*Martha J. Coffman*, chief advisory counsel, Kansas Corporation Commission, argued the cause, and *Judy Y. Jewsome*, litigation counsel, of the same agency, was with her on the brief for appellee.

The opinion of the court was delivered by

MORITZ, J.: In this appeal, Bartlett Grain Company, L.P. (Bartlett), challenges an order of the Kansas Corporation Commission (KCC) finding the agency has authority to assess civil penalties against a motor carrier when that motor carrier knowingly hires third-party motor carriers who allegedly violate motor carrier safety laws.

Prior to oral argument, this court issued an order directing the parties to be prepared to address at oral argument why this case should not be dismissed for lack of jurisdiction due to the lack of a final agency decision. After reviewing the record and briefs and hearing oral argument, we conclude the action from which Bartlett appeals is a nonfinal agency action. Therefore, we dismiss this appeal for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

The KCC initiated this action by issuing a show cause order alleging Bartlett violated "Title 49 C.F.R. 390.13 (2003) as adopted by K.S.A. 2006 Supp. 66-1,129 and K.A.R. 82-4-3f (2006)" by aiding and abetting unauthorized motor carriers. Specifically, the order alleged Bartlett solicited three for-hire motor carriers who violated motor carrier safety laws by, *inter alia*, operating farm-registered vehicles in interstate commerce, operating the vehicles over the gross weight allowed in Kansas, lacking a United States Department of Transportation number, lacking medical ex-

aminer's certifications, lacking commercial driver's licenses, and failing to comply with Unified Carrier Registration Agreement requirements. The order further alleged that each violation was intentional and could subject Bartlett to a fine of up to $5,000 per violation.

Bartlett answered the show cause order, contesting the KCC's jurisdiction over it with respect to this matter and denying the alleged violations. At a prehearing conference, Bartlett conceded that it is a motor carrier and, as such, is subject to KCC jurisdiction on some matters. But Bartlett contended the KCC lacked jurisdiction over it with respect to its hiring of third-party motor carriers. Because the original show cause order asserted jurisdiction over Bartlett, Bartlett moved for reconsideration of that finding. Upon reconsideration, the KCC found it had authority and jurisdiction over Bartlett to proceed.

Before seeking review in district court, Bartlett again sought reconsideration of the KCC's jurisdictional decision. Bartlett reiterated its position that in allegedly knowingly soliciting unauthorized third-party motor carriers to haul grain it did not act as a motor carrier and, consequently it was not subject to the KCC's jurisdiction for such actions. After the KCC denied Bartlett's motion, Bartlett sought judicial review in district court, reciting that jurisdiction was proper under K.S.A. 77-609(a).

In a memorandum decision affirming the agency's ruling, the district court based its jurisdiction to review the agency's jurisdictional decision on the parties' agreement that "Administrative Remedies have been exhausted and the matter is filed for Judicial Review under K.S.A. 77-609(a)." On the merits of the jurisdictional issue, the district court concluded the KCC had "jurisdiction to proceed with civil penalties under 'aiding and abetting' as the facts may justify."

After Bartlett filed an appeal of the district court's decision in the Court of Appeals, the KCC stayed the ongoing agency proceedings pending judicial review. We transferred the case to this court on our own motion pursuant to K.S.A. 20-3018(c).

ANALYSIS

The KCC limited its ruling below solely to the issue of whether the agency had jurisdiction over Bartlett to address the violations alleged in the KCC's initial show cause order. At no time in the administrative proceeding did the agency address the substantive allegations contained in the order. Therefore, before considering the merits of the jurisdictional issue presented to the agency, we must first address the issue raised *sua sponte* by this court prior to oral argument—*i.e.*, was the agency's order finding it had jurisdiction over the substantive violations alleged in the show cause order a final agency action subject to judicial review under K.S.A. 77-607(a)?

Whether jurisdiction exists is a question of law over which we exercise unlimited review. *Shipe v. Public Wholesale Water Supply Dist. No. 25*, 289 Kan. 160, 165, 210 P.3d 105 (2009). We have a duty to question jurisdiction on our own initiative. When the record discloses a lack of jurisdiction, we are obligated to dismiss the appeal. *State v. Gill*, 287 Kan. 289, 294, 196 P.3d 369 (2008).

As noted, the district court did not independently consider its jurisdiction to review the agency's action in this case. Rather, it appears the district court accepted the parties' agreement that Bartlett's administrative remedies had been exhausted and the jurisdictional issue was ripe for judicial review.

However, we cannot so easily accept the parties' stipulation to jurisdiction. Subject to certain exceptions, we have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statute. *Harsch v. Miller*, 288 Kan. 280, 287, 200 P.3d 467 (2009) (the right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions). Significantly, parties cannot confer subject matter jurisdiction by consent, waiver, or estoppel, and a failure to object to the court's jurisdiction does not invest the court with the requisite subject matter jurisdiction. *Padron v. Lopez*, 289 Kan. 1089, 1106, 220 P.3d 345 (2009). Further, if a district court lacks jurisdiction to enter an order, we do not acquire jurisdiction over the subject matter on appeal. *Friedman v. Kansas State Bd. of Healing Arts*, 287 Kan. 749, 752, 199 P.3d 781 (2009).

Instead, if we have jurisdiction to hear this appeal, it must emanate from the Kansas Judicial Review Act (KJRA). K.S.A. 66-118a(b); K.S.A. 66-118c; K.S.A. 2010 Supp. 77-603(a). That Act governs actions by the KCC, other than those arising from a rate hearing. K.S.A. 66-118a(b).

Under K.S.A. 77-607(a), a person is entitled to judicial review *of a final agency action* if the person otherwise qualifies under the KJRA regarding standing, exhaustion of administrative remedies, and the time for filing the petition for judicial review. A " 'final agency action' " is "the whole or a part of any agency action other than nonfinal agency action." K.S.A. 77-607(b)(1). A " 'nonfinal agency action' " is "the whole or a part of an agency determination, investigation, proceeding, hearing, conference or other process that the agency intends or is reasonably believed to intend to be preliminary, preparatory, procedural or intermediate with regard to subsequent agency action of that agency or another agency." K.S.A. 77-607(b)(2).

Curiously, in the KCC's order staying the proceedings before the agency pending judicial review, the KCC noted it retained "jurisdiction over the subject matter and parties for the purpose of entering such further orders as it may deem necessary." Thus, the KCC clearly indicated its intent to retain jurisdiction and anticipated entering further orders in this matter. Nevertheless, inexplicably, in that same order the agency stayed the action pending determination of this appeal.

Regardless of the inconsistent language utilized in the agency's order, the agency conceded at oral argument that as of that date, it had not considered the substantive violations alleged in the KCC's original show cause order. Rather, the agency stayed the administrative action pending this court's ruling on the jurisdictional issue challenged by Bartlett in this appeal. If this court rejects Bartlett's challenge, as the agency urges us to do, the agency would then proceed to consider the substantive violations alleged in the initial show cause order. As such, it seems apparent that the KCC intended or reasonably believed its jurisdictional ruling "to be preliminary, preparatory, procedural or intermediate with re-

gard to subsequent agency action of that agency or another agency." See K.S.A. 77-607(b)(2).

Nevertheless, both parties suggested in response to questioning at oral argument that this court has jurisdiction to review the agency's jurisdictional ruling. Essentially, the parties suggest that Bartlett exhausted its administrative remedies with respect to the jurisdictional issue, thereby rendering the agency's decision on that issue final for purposes of judicial review.

We rejected a similar challenge in *Friedman,* 287 Kan. at 754-55. There, the Board of Healing Arts (Board) initiated a disciplinary proceeding against Friedman, a Kansas medical licensee. Friedman moved to dismiss the action, arguing that because his medical license had expired at the time the Board initiated the disciplinary action, the Board lacked subject matter jurisdiction over his license. After an administrative law judge (ALJ) denied Friedman's motion, Friedman petitioned for judicial review in district court. The district court dismissed Friedman's petition for failure to exhaust administrative remedies.

On appeal, this court noted the ALJ's order on jurisdiction contained information on future proceedings and did "not purport to make any substantive determination of the disciplinary complaint." 287 Kan. at 752-53. However, unlike the appellant here, Friedman apparently recognized the interlocutory nature of his appeal and sought application of K.S.A. 77-608. That statute permits review of a nonfinal agency action under certain limited circumstances:

"A person is entitled to interlocutory review of nonfinal agency action only if:

"(a) It appears likely that the person will qualify under K.S.A. 77-607 for judicial review of the related final agency action; *and*

"(b) postponement of judicial review would result in an inadequate remedy or irreparable harm disproportionate to the public benefit derived from postponement." (Emphasis added.) K.S.A. 77-608.

We rejected Friedman's suggestion that postponement of judicial review would result in an inadequate remedy, noting "Friedman describes no harm that he has suffered other than the normal and usual inconvenience associated with such proceedings." 287 Kan. at 754. We concluded that because Friedman failed to make the showing required by K.S.A. 77-608(b), he could not establish

his entitlement to interlocutory review and the district court lacked jurisdiction to consider the merits of the action. 287 Kan. at 754-55. In so ruling, we pointed out that this court has "specifically rejected the notion that a party may circumvent the KJRA's exhaustion requirement by claiming that an issue of statutory construction may be more authoritatively determined by the district court." 287 Kan. at 754 (citing *Dean v. State*, 250 Kan. 417, 422-23, 826 P.2d 1372, *cert. denied* 504 U.S. 973 [1992]).

The procedural similarities between this case and *Friedman* are strong. Here, as in *Friedman*, Bartlett challenged the agency's subject matter jurisdiction of the underlying action, the agency ruled it had subject matter jurisdiction, and Bartlett then sought judicial review of the agency's jurisdictional determination. As in *Friedman*, the agency had not yet considered the underlying substantive allegations at the time the appeal of the jurisdictional issue was filed. Finally, as in *Friedman*, the agency's jurisdictional determination was preliminary or preparatory to determining whether Bartlett violated motor carrier laws as alleged in the KCC's show cause order.

But because neither party here recognized the inherently interlocutory nature of this proceeding or sought interlocutory review pursuant to K.S.A. 77-608(b), the procedural posture of this case presents a more compelling basis than did *Friedman* for concluding the appeal is interlocutory and nonfinal. In responding to this issue at oral argument, the KCC's counsel urged us to interpret the agency's order staying this action as an implied finding that postponement of judicial review would result in an inadequate remedy or irreparable harm disproportionate to the public benefit derived from postponement. But we cannot make that unprecedented leap on behalf of the appellee, particularly when the appellant's counsel conceded at oral argument that the circumstances specified in K.S.A. 77-608 were neither argued nor present here.

Thus, we conclude Bartlett seeks interlocutory review of a nonfinal agency action without establishing its entitlement to do so under K.S.A. 77-608. Because the district court lacked jurisdiction, this court did not acquire jurisdiction over the subject matter on appeal. The appeal is dismissed.