NOT DESIGNATED FOR PUBLICATION

No. 113,262

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARTA RENEE STEINMETZ, Deceased,
*Appellee*,

v.

UNITED PARCEL SERVICE

and

LIBERTY MUTUAL INSURANCE CO.,
*Appellants*.

MEMORANDUM OPINION

Appeal from Workers Compensation Board. Opinion filed September 18, 2015. Appeal dismissed.

*Stephanie Warmund*, of Law Offices of Stephanie Warmund, of Overland Park, for appellant.

*James R. Shetlar*, of James R. Shetlar Law Offices, of Overland Park, for appellee.

Before MALONE, C.J., ARNOLD-BURGER, J., and JOHNSON, S.J.

*Per Curiam*: Marta Steinmetz filed an application for review and modification of her workers compensation award. She later passed away. The administrative law judge (ALJ) dismissed Steinmetz' application because she had failed to timely substitute parties pursuant to K.S.A. 2014 Supp. 60-225. The Workers Compensation Board (Board) reversed the ALJ's dismissal of Steinmetz' application, finding that the provisions of K.S.A. 2014 Supp. 60-225 do not apply to a workers compensation proceeding.

1

United Parcel Service (UPS) and Liberty Mutual Insurance Company (collectively UPS) appeal the Board's reversal of the ALJ's dismissal of Steinmetz' application for review and modification of her workers compensation award. UPS argues that (1) this court has jurisdiction to consider the appeal and (2) the Board erred in finding that the provisions of K.S.A. 2014 Supp. 60-225 do not apply to a workers compensation proceeding. Because we find that this court lacks jurisdiction to review a nonfinal agency action under these circumstances, we dismiss UPS's appeal.

Steinmetz sustained injuries to her upper extremities while working for UPS. See *Steinmetz v. United Parcel Service*, No. 98,866, 2008 WL 4224280, *1 (Kan. App. 2008) (unpublished opinion). In 2006, the ALJ awarded Steinmetz $70,173.88 for her 70 percent permanent partial disability. 2008 WL 4224280, at *1. The Board modified the ALJ's award, awarding Steinmetz $18,483.07 for the right upper extremity and $8,854.62 for the left upper extremity. 2008 WL 4224280, at *2. Steinmetz appealed, and this court affirmed the Board's modified award. 2008 WL 4224280, at *1-3. While Steinmetz' appeal was pending in this court, she filed an application for review and modification, seeking an increase in the award due to a determination by the Social Security Administration that she was permanently and totally disabled.

Steinmetz died in May 2010. There was no indication that her death was related to her work injuries. In late 2011 or early 2012, Steinmetz' counsel learned of her death and in November 2013 learned that Steinmetz had children, whom counsel contacted. In April 2014, the parties held a prehearing settlement conference at which Steinmetz' counsel informed the ALJ and UPS's counsel of Steinmetz' death. On August 1, 2014, Steinmetz' counsel filed Letters of Administration with the Wyandotte County District Court appointing Ian Estey, Steinmetz' son, as Special Administrator of Steinmetz' estate.

On August 14, 2014, the ALJ held a review and modification hearing. That same day, Steinmetz' counsel filed a suggestion of death and a motion to substitute Estey or

2

add him as a party. Citing the Board's decision in *Belk v. State*, No. 1,024,926, 2010 WL 769922 (Kan. Work. Comp. Bd. February 25, 2010), the ALJ applied K.S.A. 2014 Supp. 60-225, the statute within the Kansas Code of Civil Procedure addressing substitution of parties. The ALJ dismissed the review and modification action, finding that Steinmetz had failed to comply with the statute by substituting parties within a reasonable time.

Steinmetz appealed the dismissal to the Board, arguing that the ALJ erred by importing K.S.A. 2014 Supp. 60-225 into a workers compensation case. The Board heard oral argument and issued its order on January 22, 2015. The Board found that the Kansas Workers Compensation Act (Act) was the exclusive source of procedures for workers compensation proceedings and that those "procedures are not subject to supplementation by rules borrowed from the Code of Civil Procedure." Thus, the Board held that the ALJ erred in applying K.S.A. 2014 Supp. 60-225. The Board reversed and remanded to the ALJ for a hearing on the application for review and modification. Members of the Board also filed a concurrence and a dissent. UPS timely filed a petition for judicial review.

The day after UPS filed its petition for judicial review, Steinmetz filed a motion to dismiss the petition, arguing that this court does not have jurisdiction to consider the appeal because the Board's order was not a final agency action and the case did not satisfy the test for interlocutory appeals of nonfinal agency actions. UPS filed a response in which it argued that it satisfied the test and the appeal was proper. Steinmetz filed a reply, disputing UPS's position. This court denied the motion to dismiss on present showing and ordered the parties to brief the jurisdictional issue for the hearing panel.

On appeal, UPS argues that this court has jurisdiction over the appeal because the Board's determination was a final agency action or, in the alternative, UPS has met the requirements to appeal from a nonfinal agency action. Steinmetz asserts that this court does not have jurisdiction because the Board's order was a nonfinal agency action and UPS has failed to satisfy the test for appeals from nonfinal agency actions.

3

Kansas appellate courts generally have jurisdiction to hear an appeal only if it is taken in the manner prescribed by statute. See *Bartlett Grain Co. v. Kansas Corporation Comm'n*, 292 Kan. 723, 726, 256 P.3d 867 (2011). Moreover, Kansas appellate courts have a clear policy against piecemeal appeals. See *State v. Hall*, 298 Kan. 978, 986, 319 P.3d 506 (2014). Piecemeal appeals are discouraged and are considered exceptional. See *In re Adoption of Baby Girl P*, 291 Kan. 424, 429, 242 P.3d 1168 (2010).

K.S.A. 2014 Supp. 44-556(a) provides:

"Any action of the board pursuant to the workers compensation act, other than the disposition of appeals of preliminary orders or awards under K.S.A. 44-534a, and amendments thereto, shall be subject to review in accordance with the Kansas judicial review act [(KJRA)] by appeal directly to the court of appeals."

K.S.A. 77-607(a), part of the KJRA, declares that a person who has standing, has exhausted all administrative remedies, and has timely filed a petition for judicial review is entitled to judicial review of a final agency action. K.S.A. 77-607(b)(1) defines a final agency action as "the whole or a part of any agency action other than nonfinal agency action." K.S.A. 77-607(b)(2) defines "nonfinal agency action" as "the whole or a part of an agency determination, investigation, proceeding, hearing, conference or other process that the agency intends or is reasonably believed to intend to be preliminary, preparatory, procedural or intermediate with regard to subsequent agency action of that agency or another agency."

The threshold question is whether the Board's order was final or nonfinal; if it was final, the jurisdictional inquiry ends, as Steinmetz does not challenge whether UPS meets the other requirements of K.S.A. 77-607(a). UPS admits in its brief that the Board's "order is not a 'final order' in the traditional sense." However, UPS claims that because the Board's determination that K.S.A. 2014 Supp. 60-225 does not apply to a workers

4

compensation proceeding "is a question of law" that may not be disturbed on remand to the ALJ, the Board's determination is a final agency action as set forth by the KJRA.

UPS cites *Southwestern Bell Tel. Co. v. Kansas Corporation Commission*, 6 Kan. App. 2d 444, 629 P.2d 1174, *rev. denied* 230 Kan. 819 (1981), to support its position that the Board's determination was a final agency action. In *Southwestern Bell*, this court addressed the Kansas Corporation Commission's decision not to issue a protective order prohibiting disclosure of certain documents during public hearings, despite Southwestern Bell's assertions that the documents contained confidential and proprietary information. 6 Kan. App. 2d at 445-49. This court addressed whether the decision was reviewable and noted that, at times, decisions made prior to a final order that concludes administrative proceedings may be reviewable. 6 Kan. App. 2d at 452. This court concluded that the order denying the protective order was reviewable because it

> "clearly determines a right or obligation so that 'legal consequences' will flow from it. It is 'definitive' with a 'direct and immediate' effect on SWB. No disruption of the administrative process appears. The 'hardship . . . of withholding court consideration' is evident. Disclosure of the confidential information, if wrongful, cannot be corrected on later review. The threatened injury is thus 'irreparable' if not presently considered." 6 Kan. App. 2d at 454.

As Steinmetz notes, however, this court has held that "the *Southwestern Bell* court was not confronted with a statutory dichotomy of 'final agency action' and 'nonfinal agency action' because the decision predated enactment of the KJRA. . . . [Thus,] the reasoning and holding in *Southwestern Bell* is persuasive authority to decide whether a KCC order is reviewable as an interlocutory order, but not whether it is reviewable as a 'final agency action.'" See *Williams Gas Pipelines Central, Inc. v. Kansas Corporation Comm'n*, 27 Kan. App. 2d 573, 579, 7 P.3d 311, *rev. denied* 270 Kan. 904 (2000). Because *Southwestern Bell* predates the KJRA, the decision does not support UPS's assertion that the Board's order here was a final agency action.

5

UPS's characterization of the Board's decision as a final action runs contrary to this court's longstanding policy against piecemeal appeals. See *e.g.*, *Hernandez v. Tyson Fresh Meats, Inc.*, No. 98,547, 2008 WL 2426347, *2 (Kan. App. 2008) (unpublished opinion) (stating policy against piecemeal appeals in appeal about a fee dispute in a workers compensation case). This court has clearly held that "[r]emand orders are not appealable in the absence of exceptional circumstances" because they are not final agency actions of the Board. See *Williams*, 27 Kan. App. 2d at 793.

The Board's decision on the application of K.S.A. 2014 Supp. 60-225 did not dispose of the workers compensation action on the merits—in fact, it reopened the action, remanding for further proceedings. The Board's decision was a determination "that the agency intends or is reasonably believed to intend to be preliminary, preparatory, procedural or intermediate with regard to subsequent agency action." See K.S.A. 77-607(b)(2). Thus, we conclude the Board's decision was not a final action.

Next, UPS argues that even if the Board's decision was not final, UPS has satisfied the requirements to appeal from a nonfinal agency action. Under K.S.A. 77-608, a person may take an interlocutory appeal of a nonfinal agency action only if "(a) It appears likely that the person will qualify under K.S.A 77-607 for judicial review of the related final agency action; and (b) postponement of judicial review would result in an inadequate remedy or irreparable harm disproportionate to the public benefit derived from postponement." The parties do not dispute UPS's ability to meet the first prong of the test.

UPS argues that it meets the second prong because the "Board's order to remand the case is an inadequate remedy." UPS cites an unpublished opinion from this court, *Ervin v. Kansas State Bd. of Technical Professions*, No. 92,821, 2005 WL 1500959 (Kan. App. 2005) (unpublished opinion), in which this court affirmed that a district court had jurisdiction to review a nonfinal order. In *Ervin*, the nonfinal order was the Kansas State Board of Technical Professions' denial of a motion to dismiss a second complaint against

Ervin that had been submitted to the Board; Ervin had argued for dismissal based on grounds of res judicata and claim preclusion stemming from the disposition of a previous complaint. When Ervin appealed the denial to the district court, the court ruled that the second complaint violated the doctrine of res judicata/claim preclusion and was therefore barred. On appeal, this court agreed with the district court's reasoning that making Ervin defend the second complaint prior to judicial review of whether the complaint was barred by res judicata and claim preclusion would be contrary to the purpose of those doctrines. 2005 WL 1500959, at *2.

UPS fails to explain how *Ervin* is analogous to the instant case and, as Steinmetz asserts, the differences are clear. There is no implication of res judicata or claim preclusion here, nor is there any indication that delaying judicial review until there is a final agency action would cause UPS to defend a claim a second time. Thus, we conclude that UPS has failed to meet its burden of establishing the second prong of the test for bringing an interlocutory appeal from a nonfinal agency action.

In sum, the Board's order reversing the ALJ and remanding for further proceedings was not a final agency action. Moreover, UPS has failed to show that postponing judicial review "would result in an inadequate remedy or irreparable harm disproportionate to the public benefit derived from postponement." See K.S.A. 77-608(b). As previously stated, Kansas appellate courts have a clear policy against piecemeal appeals. See *Hall*, 298 Kan. at 986. We conclude that the Board's order is not properly before this court for review and this court lacks jurisdiction to review the Board's decision on its merits.

Appeal dismissed.

7