NOT DESIGNATED FOR PUBLICATION

No. 115,406

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WAMEGO TELECOMMUNICATIONS CO., INC.,
CUNNINGHAM TELEPHONE CO., INC.,
LAHARPE TELEPHONE CO., INC.,
MOUNDRIDGE TELEPHONE CO., INC.,
and ZENDA TELEPHONE CO., INC.,
*Appellants*,

v.

KANSAS CORPORATION COMMISSION,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Opinion filed June 30, 2017. Reversed and remanded.

*Mark Doty* and *Thomas E. Gleason, Jr.*, of Gleason & Doty, Chtd., of Lawrence, for appellants.

*Brian G. Fedotin*, deputy general counsel and chief appellate counsel, of Kansas Corporation Commission, for appellee.

Before SCHROEDER, P.J., BUSER, J., and WALKER, S.J.

BUSER, J.: Five telecommunication incumbent rural local exchange carriers—Wamego Telecommunications Co., Inc., Cunningham Telephone Co., Inc., LaHarpe Telephone Co., Inc., Moundridge Telephone Co., Inc., and Zenda Telephone Co., Inc. (RLECs)—appeal the district court's dismissal of their Petition for Judicial Review of Final Agency Action and for Additional Relief (Petition for Judicial Review). The

1

RLECs sought judicial review of the failure of the Kansas Corporation Commission (Commission) to grant their "Motion to Reopen Docket, Petition for Leave to Intervene and Petition for Rescission of Orders Redefining Certain Rural Telephone Company Study Areas" (Motion to Reopen Docket). The docket in question, Docket No. 12-IWRZ-848-ETC (2012 Docket), involved another telecommunications provider—i-wireless, LLC (i-wireless).

At the conclusion of the 2012 Docket, the Commission filed an "Order Granting Eligible Telecommunications Carrier Status" (2012 Commission Order) which, in part, redefined the RLECs' respective service areas for purposes of allowing i-wireless the authority to provide its limited services in portions of the RLECs' territory. Almost 3 years later, the RLECs filed with the Commission their Motion to Reopen Docket seeking to vacate a portion of the 2012 Commission Order. Although the Commission did not rule on this motion, the RLECs appealed to the district court, which dismissed their petition with prejudice.

On appeal, the RLECs contend the district court erred in ruling that they lacked standing to challenge the 2012 Commission Order and that they failed to exhaust their administrative remedies. The RLECs also assert the district court erred in finding they were not entitled to individual notice of the 2012 Docket, and they did not state a claim upon which relief could be granted.

The issues presented on appeal are the result of the confusion arising from the RLECs' attempt to reopen an administrative proceeding that had been concluded years ago. Because of the unusual nature of their Motion to Reopen Docket filed with the Commission, the RLECs were apparently unsure of how the administrative procedures would apply. For example, as a result of their prophylactic efforts to avoid missing potential statutory deadlines, the RLECs filed their Petition for Judicial Review *before* the Commission formally addressed and ruled on their pending Motion to Reopen

2

Docket. To add to the confusion, the Commission and the RLECs have focused their appellate arguments as if the 2012 Commission Order is the administrative action being challenged on appeal. Instead, the focus on this appeal can only be on the Motion to Reopen Docket that was before the Commission. Add to this confounding mixture a 2013 federal agency order addressing the issues that underlie this case, and the result is a procedural maze that our court has been asked to navigate.

We have thoroughly reviewed the parties' arguments and the record on appeal. Upon our unwinding of this procedural morass, we conclude that the district court lacked jurisdiction to address the RLECs' claims because the Commission never issued a final agency decision on the Motion to Reopen Docket. Accordingly, we reverse the district court's order dismissing the action with prejudice. We remand the case to the district court with directions to remand the matter to the Commission for further agency action on the RLECs' Motion to Reopen Docket.

FACTUAL AND PROCEDURAL BACKGROUND

I-wireless is a North Carolina Limited Liability Company that provides commercial mobile radio service and prepaid wireless telecommunications services in a variety of locales. It relies on the Sprint Spectrum, L.P. network infrastructure to provide its services. On May 29, 2012, i-wireless filed with the Commission an application for designation as an eligible telecommunications carrier (ETC). The sole purpose of this filing was to provide Lifeline service to qualifying low-income Kansas consumers throughout various areas where Sprint's infrastructure was available. I-wireless was only seeking ETC designation to participate in the federal Lifeline subsidy program. In order to qualify for low-income Lifeline subsidies, i-wireless was required to be designated an ETC by both the Commission and the Federal Communications Commission (FCC), 47 U.S.C. § 214(e)(2) (2012), and establish it could provide the level of services required under federal law. 47 U.S.C. § 214(e)(1) (2012).

In its application, i-wireless requested designation as an ETC "that [was] statewide in scope" and specifically for permission to provide Lifeline service within specific Southwestern Bell-Telephone Company (AT&T Kansas) wire centers and as well as within specific exchanges operated by the RLECs. While i-wireless acknowledged that its service area might overlap with rural carriers in Kansas, the company contended that its operation as an ETC in the rural carriers' service areas would serve the public interest. Towards that end, the application outlined the services it would provide its qualifying customers and committed to provide service to a specific list of "wire centers" within the other companies' territories. This list was an exhibit to i-wireless' application and identified various wire centers within portions of the RLECs' service areas.

Neither AT&T Kansas nor any of the RLECs were individually served with i-wireless' application, and the RLECs contend they did not learn of the proceeding until 2015. After considering i-wireless' application and a detailed report and recommendation from its own staff, on September 6, 2012, the Commission issued the 2012 Commission Order designating i-wireless as an ETC for low-income Lifeline-only purposes within the exchanges specified in their application. Because the wire centers identified in i-wireless' application involved only portions of the RLECs' total service areas (also known as "study areas"), the Commission approved the "redefinition" of the service areas to the exchange level for RLECs, including the parties in this case. The Commission noted, however, that i-wireless was still required to apply for and receive confirmation of its ETC status from the Federal Communications Commission (FCC) as required by 47 U.S.C. § 214(e)(5) (2012). It appears from the record that this 2012 Commission Order was only served on i-wireless and the Commission's counsel.

Following the issuance of the 2012 Commission Order, in December 2012, i-wireless filed a petition with the Wireline Competition Bureau of the FCC. In its petition, i-wireless asked the FCC to approve the Commission's ETC designation, including its redefinition of the study areas of the RLECs. On January 4, 2013, the FCC issued a

4

Public Notice in the Federal Register seeking comment on i-wireless' petition. The Public Notice advised that interested parties were permitted to file comments on i-wireless' application until February 4, 2013, and reply comments until February 19, 2013. The Public Notice further provided that in the event the FCC opted not to act on i-wireless' petition within 90 days of the release of the notice, the Commission's service area redefinition would be deemed approved. This 90-day deadline expired on April 4, 2013. The Commission asserts that no comments were filed on i-wireless' FCC application and that the FCC approved the application by failing to act within the 90-day period.

On June 4, 2015, almost 3 years after the 2012 Commission Order, the RLECs filed their Motion to Reopen Docket which bore the same docket number as i-wireless' ETC application. In this pleading, the RLECs challenged the Commission's decision to grant i-wireless' application for designation as an ETC to the extent it redefined their service areas to the exchange level. The RLECs explained that it was unnecessary for the Commission to redefine their service areas because an intervening FCC order found that redefinition was not required when granting a carrier Lifeline-only ETC status.

In addition, the RLECs contended that redefinition of their service level adversely impacted their rights:

> "If a company's study area is redefined generally, albeit only in a proceeding seeking ETC designation only for federal Lifeline-only support, the redefinition allows other potential (including non-Lifeline only) carriers to request certification and/or broader ETC designation, evading the [previous] requirement that such applicant propose to serve the entire original study area of the incumbent rural company. Such an applicant may choose to 'cherry pick' and serve only a limited and lower-cost area of the incumbent's service area, thereby creating an unfair, governmentally originated, biased competitive advantage to the applicant and an unreasonably discriminatory disadvantage to the incumbent."

Based upon this reasoning, the RLECs argued that because redefinition of their respective service areas was under consideration in 2012, they were entitled to individual notice of i-wireless' application. Since the RLECs did not receive any notice, they claimed they were deprived of a reasonable opportunity to be heard and present evidence in opposition to the redefinition. According to the RLECs, this failure violated due process as guaranteed by the Fourteenth Amendment to the United States Constitution and the statutory notice requirements of K.S.A. 66-1,193(b). In the Motion to Reopen Docket, the RLECs asked the Commission to reopen the 2012 Docket, grant the RLECs' request to intervene, and to review and rescind the portions of the 2012 Commission Order that redefined the RLECs' respective study areas. They also asked the Commission to forward a revised order to the FCC and request that the FCC concur with the revised order.

The Commission's staff filed a response opposing the RLECs' Motion to Reopen Docket. The staff argued that the RLECs were not entitled to individualized notice of the i-wireless Lifeline-only ETC proceeding in 2012. The staff maintained that neither Kansas statutes nor the Constitution required individualized notice of the 2012 Docket proceeding to be served on the RLECs. The staff further asserted that the RLECs possessed no "protectable due process liberty or property interest" in the way service areas are defined by the Commission. Finally, the staff noted that the RLECs were not parties in the original i-wireless proceeding, they did not timely seek to intervene, and they did not exhaust their administrative remedies by timely seeking reconsideration of the 2012 Commission Order. The RLECs filed a response to the Staff's arguments.

On July 20, 2015—46 days after they filed their Motion to Reopen Docket—the RLECs filed a petition for reconsideration (Petition for Reconsideration) with the Commission. This motion was filed despite the fact that the Commission *had not issued* a ruling on the Motion to Reopen Docket. In this regard, the RLECs asserted that because the Commission failed to act on their Motion to Reopen Docket within 30 days, under

6

operation of K.S.A. 2016 Supp. 77-529(b), the motion had been deemed denied by operation of law. The Petition for Reconsideration urged the Commission to reconsider its presumed denial of the RLECs' Motion to Reopen Docket. The RLECs asserted they filed their Petition for Reconsideration in order to preserve their right to obtain judicial review.

On August 3, 2015—before either the Motion to Reopen Docket or Motion for Reconsideration was addressed or ruled upon by the Commission—the RLECs filed a Petition for Judicial Review in the Pottawatomie District Court. In this petition, the RLECs challenged the propriety of the Commission's inaction in failing to reopen the 2012 Docket. The RLECs contended that they had fully exhausted all applicable administrative remedies. They also asserted they were afforded no notice of the 2012 Docket proceeding and the Commission had failed to take any action on their Motion to Reopen Docket. As in their Petition for Reconsideration filed with the Commission, the RLECs insisted that pursuant to K.S.A. 2016 Supp. 77-529(b), their Motion to Reopen Docket was denied by operation of law when the Commission failed to rule on the motion within 30 days.

On August 4, 2015—the day after the Petition for Judicial Review was filed—the Commission filed an Order Denying Petition for Reconsideration in the 2012 Docket. This order was designated a "non-final agency action." In denying the RLECs' Petition for Reconsideration, the Commission found the petition was premature because the agency had not yet ruled on the substance of the Motion to Reopen Docket due to the "press of other agency business." The Commission determined that K.S.A. 2016 Supp. 77-529(b) did not obligate the agency to act on the Motion to Reopen Docket within 30 days of its filing, because that statute only applied to petitions for reconsideration, and the Motion to Reopen Docket was *not* a motion for reconsideration. Of note, there is no evidence in the record that the Commission has taken any other action on the RLECs' Motion to Reopen Docket while this appeal was pending.

7

In the district court, the Commission subsequently filed a motion to dismiss the RLECs' Petition for Judicial Review. In its motion to dismiss, the Commission asserted that the RLECs did not have standing to challenge the 2012 Commission Order under K.S.A. 77-611, and the RLECs filed an untimely Petition for Judicial Review without properly exhausting all available administrative remedies with respect to the 2012 Commission Order. In its exhaustion argument, the Commission argued that K.S.A. 2016 Supp. 77-529(a)(1) and K.S.A. 66-118b requires an aggrieved party to timely file a petition for reconsideration as a prerequisite to judicial review. The Commission asserted that the RLECs failed to file a petition for reconsideration of the 2012 Commission Order within 15 days of its issuance. Moreover, according to the Commission, the RLECs improperly characterized their Motion to Reopen Docket as a petition for reconsideration.

The RLECs responded to the motion to dismiss. They contended that they had sufficiently met all of the requirements for obtaining judicial review as soon as they were on notice and that the Commission's denial of individual notice of i-wireless' application should extend the time to file the motion to reconsider. According to the RLECs, the Commission's failure to individually notify them of i-wireless' application prevented them from being able to intervene in the hearing, to be heard on the merits, or to timely seek reconsideration of the agency order. Moreover, the RLECs claimed their Motion to Reopen Docket qualified as an attempt to obtain reconsideration of the 2012 Commission Order because the substance of this motion contained all of the statutory requirements for a petition for reconsideration. Finally, the RLECs maintained they had standing because the 2012 Commission Order clearly identified the RLECs and ordered a change in their respective study areas.

The Commission subsequently filed a reply memorandum, disputing the RLECs' characterization of their Motion to Reopen Docket as a Motion for Reconsideration. In particular, the Commission insisted that the Motion to Reopen Docket failed to "actually seek reconsideration" of the 2012 Commission Order. In addition, the Commission

8

pointed out that if the RLECs believed their Motion to Reopen Docket was a petition for reconsideration, they should have filed a petition for judicial review once it was "deemed denied." Instead, the RLECs filed their pleading entitled Petition for Reconsideration.

On October 8, 2015, the district court held a hearing to consider the Commission's motion to dismiss. While both parties essentially reiterated the arguments they made in their pleadings, the Commission also claimed the RLECs' notice argument was meritless because they had constructive notice of the 2012 Commission Order; the Commission asserted that i-wireless' application and the subsequent order were publicly available on the Commission's website and the FCC issued a public notice on the proposed service area redefinition in the Federal Register in early 2013. The Commission also asserted that the RLECs had failed to state a claim upon which relief could be granted because even if the Commission decided to change course and reopen the docket out of time, the Commission had "no ability to influence the FCC [and the] action would still stand."

The district court took the Commission's motion to dismiss under advisement. Both parties were given the opportunity to submit proposed findings of fact and conclusions of law. Of note, in their filing, the RLECs raised a new argument that the administrative procedures employed in this case were inadequate, and the district court should relieve the RLECs of the obligation to exhaust administrative remedies under K.S.A. 2016 Supp. 77-612(d).

On February 3, 2016, the district court issued a journal entry granting the Commission's motion to dismiss the RLECs' petition with prejudice. The district court found the RLECs had failed to satisfy any of the prerequisites to judicial review enumerated in K.S.A. 77-607(a). In essence, the district court found the RLECs did not have standing to challenge the 2012 Commission Order, the RLECs had failed to exhaust all available administrative remedies regarding that order, and they did not timely file their Petition for Judicial Review. Specifically, the district court found the RLECs lacked

9

standing to challenge the 2012 Commission Order because they did not meet any of the criteria outlined in K.S.A. 77-611. The district court also found the Commission's action was specifically directed at i-wireless, rather than the RLECs, and the RLECs were accordingly not entitled to notice under statutes governing the Commission. Additionally, the district court reasoned the RLECs were not parties and never attempted to timely intervene in the 2012 Docket. Finally, the district court found the 2012 Commission Order was not a "rule or regulation," and the RLECs had failed to "identify any other provision of law which would make them eligible for standing."

Alternatively, the district court held that even if notice was required, the RLECs knew or should have known of the 2012 Commission Order based on the Commission's public website in addition to the FCC's 2013 Public Notice. The district court explained that both agencies' records were readily available on their respective websites and the RLECs were represented by counsel who practiced extensively in telecommunications law and knew of the agencies' websites.

Moreover, the district court found the RLECs' contention that the Motion to Reopen Docket qualified as a petition for reconsideration was clearly without merit. The court found that "(1) [the RLECs] did not title their Motion as a petition for reconsideration, and (2) the Motion never seeks reconsideration nor cites to K.S.A. [2016 Supp.] 77-529, the statute governing reconsideration. The only reference to 'reconsideration' is a cite to an order in [another docket]."

Finally, the district court noted that even if the RLECs had satisfied all of the requirements of K.S.A. 77-607(a), they failed to state a claim upon which relief could be granted because in 2013, the FCC had concurred with the Commission's redefinition of their service area. In this regard, the district court noted the FCC was not bound to follow the Commission's recommendations and the Commission had no control over the FCC's decision.

The RLECs filed a timely notice of appeal challenging the district court's findings regarding standing, the Commission's obligation to provide notice, the exhaustion of administrative remedies requirement, and whether the petition raised a claim upon which relief could be granted.

LEGAL ANALYSIS

Appeals from Commission decisions are subject to review under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 *et seq*. See K.S.A. 2016 Supp. 66-118c; *Bartlett Grain Co. v. Kansas Corporation Comm'n*, 292 Kan. 723, 727, 256 P.3d 867 (2011). "[A] petitioner is 'entitled to judicial review of [*a*] *final agency action*' under the KJRA if that person 'qualifies . . . regarding (1) standing (K.S.A. 77-611), (2) exhaustion of administrative remedies (K.S.A. 77-612) and (3) time for filing the petition for judicial review (K.S.A. 77-613).'" (Emphasis added.) *Rebel v. Kansas Dept. of Revenue*, 288 Kan. 419, 423, 204 P.3d 551 (2009) (quoting K.S.A. 77-607[a]). A district court must dismiss a petition for judicial review if the petitioner fails to satisfy any one of these requirements. See, *e.g.*, *Norris v. Kansas Employment Security Bd. of Review*, 303 Kan. 834, 837-38, 367 P.3d 1252 (2016) (untimeliness of petition bars judicial review).

Despite the RLECs' claims and the Commission's responses regarding standing, notice, and exhaustion, there is one fundamental matter that must be addressed at the outset:  Did the district court have subject matter jurisdiction to consider and rule on the propriety of the RLECs' Motion to Reopen Docket?

Whether jurisdiction exists is a question of law over which our court's scope of review is unlimited. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015). The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statute. *Bartlett*

*Grain Co.*, 292 Kan. at 726. As an appellate court, we have a duty to raise jurisdiction on our own initiative, and if the record shows jurisdiction is lacking, we are obligated to dismiss the appeal. 292 Kan. at 726. Similarly, if the district court lacked jurisdiction to enter an order, the appellate court does not acquire jurisdiction over the subject matter on appeal. *Ryser v. Kansas Bd. of Healing Arts*, 295 Kan. 452, 456, 284 P.3d 337 (2012).

Judicial review under the KJRA is not triggered until an administrative agency or hearing officer issues a *final order* satisfying the requirements of K.S.A. 77-526. See K.S.A. 77-607(b)(1) (defining final agency action under the KJRA). In this regard, the agency's final order must include findings of fact, conclusions of law, and the policy reasoning for any of its decisions. K.S.A. 77-526(c). The order must further provide time limits for seeking reconsideration or other administrative relief and identify the agency officer designated to receive service of a petition for judicial review on behalf of the agency. K.S.A. 77-526(c); K.S.A. 2016 Supp. 77-527(j); K.S.A. 2016 Supp. 77-529(d).

In this appeal, it is undisputed that the 2012 Commission Order granting i-wireless ETC status is a final agency action. That final agency action, however, is not the ruling which the RLECs appealed to the district court. Rather, the RLECs appealed the Commission's failure to take action (which the RLECs consider a denial) of their Motion to Reopen Docket which seeks, in part, to vacate a portion of the 2012 Commission Order.

Importantly, the Commission *never issued a final order* regarding the Motion to Reopen Docket. In fact, *after* the Petition for Judicial Review was filed, the Commission issued a *nonfinal* Order Denying Petition for Reconsideration in its administrative proceeding, finding the RLECs' Motion to Reconsider was premature. In its nonfinal order, the Commission specifically informed the RLECs that their Motion to Reopen Docket was still pending and was not subject to K.S.A. 2016 Supp. 77-529(b). In other words, the Commission did not consider the Motion to Reopen Docket a "motion for

12

reconsideration" of the 2012 Commission Order. As a result, the Commission held the 30-day statutory time limit for ruling on motions for reconsideration did not apply, and the RLECs should not consider their Motion to Reopen Docket as "deemed" denied. Of note, it does not appear the Commission has taken any further action on the RLECs' Motion to Reopen Docket during the pendency of this appeal.

On appeal, the RLECs contend the district court erred by failing to treat their Motion to Reopen Docket as a petition for reconsideration. According to the RLECs, the district court should have focused on the substance of the Motion to Reopen Docket, rather than its form, because the nature of the pleading is identifiable from its contents. They argue the Motion to Reopen Docket identified a specific prior commission order (the 2012 Commission Order), requested a specific change to that order, and identified the specific unlawful nature of that order.

Notwithstanding the unusual character of the Motion to Reopen Docket, and the nature of relief it requested, we agree with the district court that this pleading does not qualify as a petition for reconsideration. While Kansas courts liberally construe pleadings under certain circumstances, we find that a pleading filed by counsel in a Commission proceeding should not be construed as a petition for reconsideration unless the pleading either is labeled as a petition for reconsideration or at least references citation to the statutory authority for reconsideration, *i.e.*, K.S.A. 2016 Supp. 77-529 and/or K.S.A. 66-118b. See K.A.R. 82-1-219(b) ("The title of the pleading . . . shall describe the pleading contained in the numbered paragraphs that follow.").

Under Kansas statutes, the Commission only has a limited amount of time to address a petition for reconsideration. K.S.A. 2016 Supp. 77-529(b). Given this temporal imperative, it makes sense to require a pleading to clearly place the Commission on notice of its obligation to address the issues contained therein within the relatively short time period of 30 days. As the district court observed:

13

"K.A.R. 82-1-219(e) states in relevant part that 'the numbered paragraphs of the pleadings shall be followed by the prayer, which shall be a concise and complete statement of *all* relief sought by the pleader.' (Emphasis added.) Nowhere in the [Motion to Reopen Docket] do the RLECs request reconsideration of the [2012 Commission Order]. By failing to seek reconsideration, the [Motion to Reopen Docket] cannot be considered a petition for reconsideration under K.A.R. 82-1-219(e)."

Although we agree with the district court on this point, we are not persuaded by the Commission's effort to interfuse the finality of the 2012 Commission Order with the issues presented in this appeal. At the agency level, the Commission handled the Motion to Reopen Docket as an independent matter on which it had not rendered a final decision. But the Commission's arguments on appeal asserting the RLECs failed to exhaust administrative remedies simply distract from what is the central issue on appeal:  the Commission's action or inaction on the Motion to Reopen Docket. Whether a final order in this matter relies to any extent on the finality of the 2012 Commission Order is yet to be determined by the Commission. And because the Commission did not issue a final order regarding the RLECs' Motion to Reopen Docket, the district court was without subject matter jurisdiction to consider and rule on their Petition for Review.

Although briefly mentioned in the RLECs' brief, we note the FCC has taken action on this issue with a number of Lifeline providers, including i-wireless. See *In the Matter of Telecommunication Carriers Eligible for Support Lifeline and Link Up Reform*, 28 FCC Rcd. 4859 (2013). We consider it significant that this FCC order was issued only 4 days after the 90-day period expired on i-wireless' FCC application to approve the Commission's ETC designation. We also observe that both the FCC notice issued as a result of the 2012 application and the 2013 FCC ruling contain the same docket number: WC Docket No. 09-197.

It appears from the order and public record that the FCC issued a notice of proposed rulemaking in 2011 seeking comment on methods to reform and modernize the

14

Lifeline and Link Up program in light of its significant growth of this segment of the industry. The FCC recognized the importance of ensuring the Lifeline program and its participants achieved the goals of the federal law by increasing broadband deployment while still maintaining accountability of those providers' services and subsidies. *In the Matter of Lifeline & Link Up Reform & Modernization Federal-State Joint Bd. on Universal Service Lifeline & Link Up*, 26 FCC Rcd. 2770, 2842 (2011).

In a subsequent 2013 order, the Wireline Bureau combined i-wireless' request for forebearance in servicing rural service areas with similar requests from other providers of low-income services. In the order adopted and released in April 2013, the FCC granted limited forebearance to i-wireless and other petitioners from the federal statutes' requirement that an ETC conform its service area to the predefined service areas of rural incumbent carriers. *In the Matter of Telecommunication Carriers Eligible for Support Lifeline and Link Up Reform*, 28 FCC Rcd. 4859-60 (2013). As a result of this order, state regulators were no longer required to redefine rural carriers' study areas when authorizing Lifeline-only carriers to provide low income services to only portions of rural carriers' territories.

Although this FCC order was issued very shortly after i-wireless' FCC application was apparently approved by inaction, it directly involved i-wireless and the underlying issue at the heart of this case. It appears the RLECs' Motion to Reopen Docket filed with the Commission was seeking retroactive application of the FCC order to delete the redefinition of their service areas from i-wireless' ETC designation. Of course, whether the Commission would be inclined to take such action has yet to be determined because it never issued a final agency action on the Motion to Reopen Docket. We note the Motion to Reopen Docket was served on i-wireless, thereby insuring its ability to participate in the Commission's review of the motion if it was inclined to intervene.

In conclusion, the district court erred in dismissing with prejudice the RLECs' Petition for Judicial Review. On the contrary, at the time the RLECs filed their Petition for Judicial Review with the district court, there was no "final agency order" subject to judicial review under the KJRA. For this reason, the Petition for Judicial Review should have been dismissed by the district court for lack of jurisdiction.

Accordingly, we reverse the district court's order dismissing with prejudice the Petition for Judicial Review. We remand the matter to the district court with directions to remand the case to the Commission for its review of the merits of the Motion to Reopen Docket and to issue a final agency action on that motion.

Reversed and remanded with directions.