(304 P.3d 683)

No. 108,412

PRIME LENDING II, LLC, *Appellee*, v. TROLLEY'S REAL ESTATE HOLDINGS, LLC, TROLLEY'S LLC, and TROLLEY'S OVERLAND PARK, LLC, *Appellants*, and BLUE MOOSE, O.P., LLC, and AARON BUERGE, *Appellees*.

—

Opinion filed April 26, 2013.

*Colin N. Gotham* and *Davis R. Schapker*, of Evans & Mullinix, P.A, of Shawnee, for appellants.

*Kevin D. Wait* and *Allan E. Coon*, of Hubbard, Ruzicka, Kreamer & Kincaid L.C., of Olathe, for appellee Prime Lending II, LLC.

*Cynthia Grimes*, of Grimes & Rebein, L.C., of Lenexa, for appellee Aaron Buerge.

Before BRUNS, P.J., GREEN and BUSER, JJ.

GREEN, J.: This is a summary judgment case involving a foreclosure action by Prime Lending II, LLC. Prime Lending filed an

action to foreclose its mortgage on certain real property owned by Trolley's Real Estate Holdings, LLC. Prime Lending also sued Aaron Buerge, Trolley's LLC, and Trolley's Overland Park, LLC (collectively Trolley's). Later, Prime Lending was granted permission to add Blue Moose, O.P., LLC, as a party defendant for the purpose of foreclosing Blue Moose's leasehold interest in the property.

Prime Lending moved for summary judgment, asking to foreclose on the property. The trial court granted Prime Lending's motion for summary judgment and ordered a sheriff's sale of the property. Prime Lending, based on its bid of $2,200,000, was the high bidder for the property. The trial court issued an order confirming the sheriff's sale. The trial court later issued an order certifying its previous August 24, 2011, memorandum decision of summary judgment as a final judgment under K.S.A. 2012 Supp. 60-254(b) and denying Trolley's motion for leave to amend its answer.

Because we determine that the trial court abused its discretion when it retroactively certified its August 24, 2011, memorandum decision of summary judgment as a final judgment under K.S.A. 2012 Supp. 60-254(b) and because the trial court has failed to make a proper determination required by K.S.A. 2012 Supp. 60-254(b), we dismiss this appeal as interlocutory.

*Facts*

On February 6, 2009, Prime Lending brought an action to foreclose its mortgage on real property located in Overland Park, Kansas. A little more than a month later, Prime Lending filed an application for appointment of receiver. The trial court then scheduled a hearing for Prime Lending's receiver motion for May 12, 2009. The defendants, Aaron Buerge; Trolley's Real Estate Holdings, LLC; Trolley's LLC; Trolley's Overland Park, LLC; Trolley's Bar and Grille, LLC; and Ryan G. MacDonald, filed responsive pleadings and counterclaims against Prime Lending.

Before the hearing on Prime Lending's application for appointment of receiver, the defendants filed for bankruptcy. Because of the bankruptcy filing, Prime Lending was prevented from pursuing

its foreclosure action until the bankruptcy jurisdiction ended. On February 15, 2011, the defendants entered into an agreed order dismissing the bankruptcy proceedings of Trolley's Real Estate Holdings, LLC and Trolley's Overland Park, LLC.

The following month, Prime Lending moved for leave to amend its petition so that it could add Blue Moose as a party to the foreclosure action. Prime Lending sought to foreclose Blue Moose's leasehold interest in the property. The trial court granted Prime Lending's motion to add Blue Moose as a party defendant. On June 28, 2011, Prime Lending moved for summary judgment. Blue Moose filed a responsive pleading to Prime Lending's motion. On August 24, 2011, the trial court issued its memorandum decision granting Prime Lending's summary judgment motion. Approximately a week later, the·trial court entered its journal entry of judgment of foreclosure.

On September 29, 2011, the trial court entered an order of sale, which directed the Johnson County sheriff to advertise and to do a judicial sale of the property. The property was sold to Prime Lending based on its high bid of $2,200,000. After the sale, Prime Lending moved to confirm the sheriff's sale. Although defendant Aaron Buerge filed an objection to Prime Lending's motion, he later withdrew his objection. None of the other defendants filed objections to Prime Lending's motion to confirm the sheriff's sale. The trial court entered its order confirming the sheriff's sale on December 16, 2011.

On May 14, 2012, Prime Lending moved to certify the trial court's August 24, 2011, memorandum decision as a final judgment under K.S.A. 2012 Supp. 60-254(b). The trial court granted Prime Lending's motion to certify the August 24, 2011, memorandum decision as a final judgment under K.S.A. 2012 Supp. 60-254(b) in its memorandum decision and journal entry dated June 19, 2012. In particular, the trial court stated in its June 19, 2012,·memorandum decision and journal entry that it did not make an express determination that there was no just reason for delay in its August 24, 2011, memorandum decision:

"This Court's August 24, 2011, Memorandum Decision did·not specify that judgment was final as to Trolley's and Blue Moose, and that there was no just

reason to delay foreclosing on the property. Nevertheless, considering that this matter had been pending for two years at the time of judgment, and at least one party still remains subject to bankruptcy court, this Court's Memorandum Decision was clearly issued with the purpose of allowing foreclosure to proceed immediately. Therefore, the Court grants Plaintiff's motion and certifies the August 24, 2011, Memorandum Decision as a final judgment pursuant to K.S.A. 60-254."

The trial court also denied Trolley's motion for leave to amend its answer.

*Was the trial court's August 24, 2011, memorandum decision or August 31, 2011, journal entry judgment of foreclosure sufficient to establish a final judgment under K.S.A. 2012 Supp. 60-254(b)?*

Trolley's written brief seems to raise two arguments: (1) that "the journal entry of judgment of foreclosure [was] a final judgment as to all parties and claims because Prime [Lending] consummated a sheriff's sale of the collateral without obtaining a K.S.A. § 60-254(b) certificate"; that alternatively, "a foreclosure judgment is not a final judgment where it disposes of less than all parties or less than all claims in the absence of a K.S.A. § 60-254(b) certificate"; and (2) that the trial court should have allowed it to amend its pleadings to pursue resulting claims against Prime Lending because the trial court had not issued a final judgment under K.S.A. 2012 Supp. 60-254(b).

But, based on the substance of the briefs and the record on appeal, Trolley's arguments should be rephrased into the following questions: (1) Was the trial court's memorandum decision, filed August 24, 2011, or was journal entry of judgment of foreclosure, filed on August 31, 2011, sufficient to establish a final judgment under K.S.A. 2012 Supp. 60-254(b)? (2) If the August 24, 2011, memorandum decision or August 31, 2011, journal entry of judgment of foreclosure was not final, what effect did the nonfinal judgments have on the later proceedings?

Although Prime Lending maintains that the applicable standard of review requires this court to "disturb the trial court's assessment of the equities only if it can say that the judge's conclusion was clearly unreasonable," Prime Lending's framing of the standard of review is misplaced. Here, the principal question under this appeal

involves the legal effect of the trial court's prior judgment, *i.e.*, whether the judgment of foreclosure by the trial court was final under K.S.A. 2012 Supp. 60-254(b). The legal effect of a trial court's previous judgment is a question of law, over which this court's review is unlimited. See *Regency Park, LP v. City of Topeka*, 267 Kan. 465, 467, 981 P.2d 256 (1999).

A. *Was the trial court's August 24, 2011, memorandum decision or its August 31, 2011, journal entry of foreclosure a final judgment under K.S.A. 2012 Supp. 60-254(b)?*

Trolley's first argument is raised in the alternative. On the one hand, Trolley's maintains that "where a trial court confirms a sheriff's sale, it errs in subsequently finding that the judgment of foreclosure is not final as to all parties [or] claims." In the alternative, Trolley's maintains that if the judgment was not final as to all parties or claims, then the trial court erred in confirming the sheriff's sale and this court should set aside the foreclosure sale and the order confirming the sheriff's sale.

Here, neither the trial court's August 24, 2011, memorandum decision nor its August 31, 2011, journal entry of judgment of foreclosure contained the express determination that there is no just reason for the delay and an express direction for entry of judgment. K.S.A. 2012 Supp. 60-254(b). Under K.S.A. 2012 Supp. 60-258 "[n]o judgment is effective unless and until a journal entry or judgment form is signed by the judge and filed with the clerk." Moreover, K.S.A. 2012 Supp. 60-258 expressly states that "entry of judgments [are] subject to subsection (b) of K.S.A. 60-254," which provides the following:

"When an action presents more than one claim for relief, whether as a claim, counterclaim, cross claim or third-party claim, or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay.* Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." (Emphasis added.)

A partial adjudication of an action absent a K.S.A. 2012 Supp. 60-254(b) certification remains interlocutory and "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." K.S.A. 2012 Supp. 60-254(b).

Because the statutory language of K.S.A. 2012 Supp. 60-254(b) and Federal Rule of Civil Procedure 54(b) are identical, Kansas appellate courts have adopted and followed the federal decisions interpreting Rule 54(b). See *City of Salina v. Star B, Inc.*, 241 Kan. 692, 695, 739 P.2d 933 (1987). Indeed, both the Kansas and federal courts have been consistent in holding that an order disposing of fewer than all claims or parties must contain an express determination that there is no just reason for delay and an express direction for the entry of judgment before the order is considered a final judgment. See, *e.g., City of Salina*, 241 Kan. at 697; *Dennis v. Southeastern Kansas Gas Co.*, 227 Kan. 872, 610 P.2d 627 (1980); *Fredricks v. Foltz*, 221 Kan. 28, 31, 557 P.2d 1252 (1976); *Henderson v. Hassur*, 1 Kan. App. 2d 103, 107, 562 P.2d 108 (1977); *D & H Marketers, Inc. v. Freedom Oil & Gas, Inc.*, 744 F.2d 1443, 1444 (10th Cir. 1984); 6 Moore, Taggert, & Wicker, Federal Practice ¶ 54.54, at 54-287 and ¶ 54.28[2] (2d ed. 1987), and authorities cited within; 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d, § 2653 (1983), and authorities cited within.

In fact, the Kansas and federal courts take the requirement of the express determination so seriously that cases where K.S.A. 2012 Supp. 60-254(b) or Rule 54(b) was mentioned by the trial court without an express determination were held not to be final judgments. The courts reasoned that even though the judgments cited to the appropriate statute, the judgments were not final because they did not contain the express determination and direction required under the rules. See *City of Salina*, 241 Kan. at 695-97; *Mooney v. Frierdich*, 784 F.2d 875 (8th Cir. 1986); and *Frank Briscoe Co. v. Morrison-Knudsen Co.*, 776 F.2d 1414 (9th Cir. 1985).

Finally, to eliminate any sense of confusion for what is required for a final judgment in Kansas, our Supreme Court has stated the following:

"A trial court, intending to enter a final judgment on less than all claims or against less than all parties, must make an express determination that there is no just reason for delay and must expressly direct the entry of judgment. These must appear affirmatively in the record, preferably by use of the statutory language." *City of Salina*, 241 Kan. at 696.

The reason for the express determination rule under K.S.A. 2012 Supp. 60-254(b) and Rule 54(b) is to prevent litigants from having to guess whether an order would be held "final" by an appellate court. *Dickinson v. Petroleum Corp.*, 338 U.S. 507, 517, 70 S. Ct. 322, 94 L. Ed. 299 (1950). As a result, for a judgment to be effective under K.S.A. 2012 Supp. 60-254(b), the trial court must make findings and make a record of them that there is no just reason for delay and that the partial judgment should be entered. "This is true whether the judgment is summary or otherwise." 4 Gard and Casad, Kansas Law and Practice, Kansas C. Civ. Proc. Annot. § 60-254(b), p. 315 (4th ed. 2003); *City of Salina*, 241 Kan. at 696.

As stated earlier, neither the August 24, 2011, memorandum decision nor the August 31, 2011, journal entry of judgment of foreclosure contained the express determination that there was no just reason for delay and direction required by K.S.A. 2012 Supp. 60-254(b). Moreover, both the August 24, 2011, memorandum decision and the August 31, 2011, journal entry of judgment of foreclosure failed to make any reference to K.S.A. 2012 Supp. 60-254(b). As a result, the summary judgment rendered in favor of Prime Lending in the foreclosure action and the judgment of foreclosure did not become final. Absent a K.S.A. 2012 Supp. 60-254(b) determination that there is no just reason for delay and an express direction for the entry of judgment, no appeal can be taken from a trial court's partial judgment on a claim before entry of a final judgment disposing of all claims against all parties. See 4 Gard and Casad, Kansas Law and Practice, Kansas C. Civ. Proc. Annot. § 60-254(b), p. 314 (4th ed. 2003), comment (If the judge refuses to make the express determination called for under K.S.A. 60-254[b], appeal on that claim must await the entry of final judgment on the whole case.).

B. *What effect, if any, does the trial court's June 19, 2012, memorandum decision and journal entry, which retroactively certified*

*the trial court's August 24, 2011, memorandum decision as a final judgment under K.S.A. 2012 Supp. 60-254(b), have on this court's jurisdiction?*

Although the problem has not been raised by either party, we are faced at the outset with the jurisdiction question of whether K.S.A. 2012 Supp. 60-254(b) has been properly invoked. An appellate court has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, it is the duty of the appellate court to dismiss the appeal. *State v. Comprehensive Health of Planned Parenthood*, 291 Kan. 322, 352, 241 P.3d 45 (2010). Whether jurisdiction exists is a question of law over which an appellate court exercises unlimited review. *State v. Ellmaker*, 289 Kan. 1132, 1147, 221 P.3d 1105 (2009).

Neither the plaintiff nor the defendants address the trial court's June 19, 2012, memorandum decision and journal entry where the trial court retroactively certified its August 24, 2011, memorandum decision as a final judgment under K.S.A. 2012 Supp. 60-254(b). In its June 19, 2012, memorandum decision and journal entry, the trial court granted Prime Lending's motion to certify the court's August 24, 2011, memorandum decision as a final judgment under K.S.A. 2012 Supp. 60-254(b). If the trial court properly retroactively certified its August 24, 2011, memorandum decision as a final judgment, then Trolley's would have needed to file their appeal within 30 days from the August 24, 2011, memorandum decision. See K.S.A. 2012 Supp. 60-2103(a) (Under this subsection, the time for taking an appeal is 30 days.). But Trolley's did not appeal within 30 days from the August 24, 2011, memorandum decision. Trolley's, however, have timely appealed from the trial court's June 19, 2012, memorandum decision and journal entry. Nevertheless, under K.S.A. 2012 Supp. 60-254(b), if we were to determine that the August 24, 2011, memorandum decision was validly certified as a final judgment as to Trolley's and they had failed to timely appeal from the August 24, 2011, memorandum decision, we would be required to dismiss the present appeal as untimely. Obviously, the trial court retroactively certifying its August 24, 2011, memorandum decision creates a major problem for Trolley's and this court.

Trial courts, however, have been admonished not to certify cases under Rule 54(b) as a routine matter or as an accommodation to counsel. *Campbell v. Westmoreland Farm, Inc.*, 403 F.2d 939, 942 (2d Cir. 1968); see also *Long v. Wickett*, 50 Mass. App. 380, 389-90, 737 N.E.2d 885 (2000). Because the trial court failed to make the proper express determination required by K.S.A. 2012 Supp. 60-254(b) when it issued its August 24, 2011, memorandum decision or its August 31, 2011, journal entry of judgment of foreclosure, it had no discretion to retroactively make those decisions final judgments. See *State ex rel. Board of Healing Arts v. Beyrle*, 262 Kan. 507, 510, 941 P.2d 371 (1997) (The judgment lacked the determination required by K.S.A. 60-254(b), "and it is not possible to now amend the order so to include the required findings within the order."); see also *Razook v. Kemp*, 236 Kan. 156, 158-59, 690 P.2d 376 (1984).

During the June 8, 2012, hearing concerning Prime Lending's motion to certify the judgment of foreclosure as a final judgment under K.S.A. 2012 Supp. 60-254(b), Prime Lending admitted through counsel that its foreclosure action was not final as to all claims or parties:

"[T]here exists the counterclaim filed by Mr. Buerge, and it hasn't been resolved, and we can't cause that to be dismissed: So there are claims out there that are still pending in this action. One is the counterclaim.

"The second is that there are claims that we're not pursuing, but they are claims that exist against Mr. Buerge. He is in bankruptcy, and that bankruptcy has not been resolved. And until the bankruptcy proceedings are resolved, those claims won't go away. That whole proceeding needs to be resolved first."

Moreover, Prime Lending in its brief maintains that its foreclosure action is not final as to all claims or parties.

Counsel for Prime Lending during the June 8, 2012, hearing asked the trial court not to retroactively certify its judgment of foreclosure to the date it was entered (August 31, 2011), but asked the trial court to certify its judgment of foreclosure from the date of the current proceedings. Nevertheless, the trial court attempted to retroactively certify the August 24, 2011, memorandum decision as a final judgment, which we have determined to be improper. Moreover, had the trial court certified the current proceedings, we

express no determination whether this would have resolved the jurisdiction problem.

Because no attempt was made to follow the proper express determination required by K.S.A. 2012 Supp. 60-254(b), we determine that this appeal is interlocutory. As stated earlier, a partial adjudication of an action absent a K.S.A. 2012 Supp. 60-254(b) certification remains interlocutory and "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." K.S.A. 2012 Supp. 60-254(b). Thus, an appellate court has no jurisdiction under K.S.A. 2012 Supp. 60-254(b) unless the trial court has made the proper express determination required by K.S.A. 2012 Supp. 60-254(b). See *Beyrle*, 262 Kan. at 510 (When no attempt is made to follow the requirements of K.S.A. 60-254[b], an appellate court lacks jurisdiction to hear the appeal.); see also *Backus Plywood Corp. v. Commercial Decal, Inc.*, 317 F.2d 339, 340-41 (2d Cir. 1963) ("Where the district court issues a [Rule 54(b)] certificate, we have no jurisdiction unless the district court had power to do so."). As a result, we lack jurisdiction to hear this case under K.S.A. 60-2101(b).

Dismissed.