(365 P.3d 435)

No. 113,283

STEPHEN D. GOLDMAN, *Appellant*, v. UNIVERSITY OF KANSAS, *et al.*, *Appellee*.

Opinion filed December 18, 2015.

*Theodore J. Lickteig*, of Law Offices of Theodore J. Lickteig, of Lenexa, for appellant.

*Sara L. Trower*, associate general counsel and special assistant attorney general, for appellee.

Before GREEN, P.J., GARDNER, J., and JOHNSON, S.J.

GARDNER, J.: Stephen D. Goldman, while a fifth-year doctoral student in the School of Pharmacy at the University of Kansas (KU), was accused of scholarly misconduct. KU investigated the matter, held a hearing, found scholarly misconduct, and then sanctioned Goldman by dismissal from the School of Pharmacy. Thereafter, Goldman brought an action in district court seeking judicial review of agency action and then amended his petition by adding a tort claim, a breach of contract claim, and a due process claim. Goldman appeals from the district court's decision resolving the judicial review claims, but we find that decision is not final because Goldman's tort, contract, and due process claims in the same action remain pending in district court. Accordingly, we dismiss the appeal for lack of jurisdiction.

*Procedural background*

Because of the procedural posture of this case and our conclusion on this appeal, we find it unnecessary to set forth in detail the many facts relevant to the merits of this appeal. Suffice it to say that Goldman, while a fifth-year doctoral student in the School of Pharmacy at KU, was accused of scholarly misconduct. KU investigated, held a hearing, found Goldman had committed scholarly misconduct, and ultimately dismissed him from the School of Pharmacy.

Goldman then filed suit in the district court via a petition alleging only one count—"judicial review of agency action." But the case was stayed pending exhaustion of Goldman's administrative remedies at KU. When those administrative remedies were exhausted and the stay was lifted, Goldman chose to amend his petition by expanding his petition for judicial review from one to four counts and by adding three new counts to his petition. Thus his first amended petition states the following counts: (1) the agency's determination was unsupported by substantial evidence; (2) the agency's action was unreasonable, arbitrary, or capricious; (3) the agency failed to follow the prescribed procedure; (4) the investigative committee

was improperly constituted; (5) tortious interference with prospective business relationship; (6) breach of contract; and (7) procedural due process violation under 42 U.S.C. § 1983 (2012).

The amended petition notes the first four of these seek "judicial review of agency action," while the latter three do not. Goldman's tortious interference count alleges that he had the expectancy of a business relationship in the form of post-academic employment with the probability of future economic benefit. His breach of contract count alleges KU breached its implied duty of good faith and fair dealing by terminating his research appointment. And his procedural due process count is against an individual defendant, his supervising professor, who allegedly failed to timely and fully inform Goldman of the allegations against him in advance of the investigating committee hearing.

The district court issued a lengthy memorandum decision resolving only Goldman's first four counts, stating the "matter comes on before the court on Petitioners' petition for judicial review." The decision makes no mention of Goldman's remaining three counts. After its analysis, the court concludes:

"The court affirms the actions of the University and denies petitioner's appeal. This memorandum decision constitutes a journal entry and judgment is entered in accordance with the findings hereinabove made."

This is the decision from which Goldman appeals.

On appeal, Goldman essentially argues that the district court erred because the investigative committee's finding of scholarly misconduct was unreasonable, arbitrary, or capricious; the sanction of dismissal from the School of Pharmacy was not supported by substantial evidence; KU was required to follow the Code of Federal Regulations but failed to do so; and the investigative committee was improperly constituted because one of its members had a conflict of interest.

*Our show cause order*

After receiving the parties' briefs on the merits of this case, we issued a show cause order informing the parties of our belief that we lack jurisdiction over this appeal because Goldman's tort,

contract, and due process claims remain pending in the district court. That order stated in part:

"Under Kansas law, a judgment is final and appealable only if it finally decides and disposes of the entire merits of the controversy, and reserves no further questions or directions for future or further action by the court. *Flores Rentals, L.L.C. v. Flores,* 283 Kan. 476, 481-82, 153 P.3d 523 (2007). In this case, the district court's Memorandum Decision did not address Appellant's claims of tortious interference (Count V), breach of contract (Count VI), or due process under 42 U.S.C. 1983 (Count VII).

"Moreover, the record on appeal does not reflect that Appellant ever sought or obtained a certification from the district court that this judgment was final under K.S.A. 60-254(b)."

*Consent to jurisdiction is immaterial*

Both parties responded that we have jurisdiction. Goldman argues that the KJRA provides its own independent grant of appellate jurisdiction and that judicial economy would be better served by retaining jurisdiction. KU argues only that the district court's decision constitutes a final decision on the "KJRA action," implying that we should consider Goldman's KJRA claims as separate or severed from his other claims.

The parties stated during oral argument that they agreed in district court to go forward only on Goldman's KJRA claims while leaving his other claims for future discovery, producing an informal stay of the unappealed claims. The unusual procedural posture of this appeal is thus a result of counsel's intentional trial strategy.

But the parties' agreement that we have subject matter jurisdiction does not invest us with jurisdiction.

"[P]arties cannot confer subject matter jurisdiction by consent, waiver, or estoppel, and a failure to object to the court's jurisdiction does not invest the court with the requisite subject matter jurisdiction. *Padron v. Lopez,* 289 Kan. 1089, 1106, 220 P.3d 345 (2009)." *Bartlett Grain Co., v. Kansas Corporation.* 292 Kan. 723, 726, 256 P.3d 867 (2011).

Accordingly, we examine whether some other basis for our jurisdiction exists.

*A statutory basis for jurisdiction is necessary*

Our court has a duty to determine its own jurisdiction over the appeal. *In re Estate of Butler,* 301 Kan. 385, 390, 343 P.3d 85

(2015). If we lack jurisdiction, we have the duty to dismiss this appeal. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 916, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013). The right to appeal is purely statutory and is not contained in the United States or Kansas Constitutions. *Kansas Medical Mut. Ins. Co. v. Svaty,* 291 Kan. 597, 609-10, 244 P.3d 642 (2010).

"Kansas appellate courts may exercise jurisdiction only under circumstances allowed by statute; the appellate courts do not have discretionary power to entertain appeals from all district court orders. See *Meddles v. Western Power Div. of Central Tel. & Utilities Corp.,* 219 Kan. 331, 333, 548 P.2d 476 (1976); *Henderson v. Hassur,* 1 Kan. App. 2d 103, 105-06, 562 P.2d 108 (1977)." *Flores Rentals, v. Flores*, 283 Kan. 476, 481, 153 P.3d 523 (2007).

*Appeals from decisions on petitions for judicial review are not sui generis*

We begin our analysis by examining the parties' claims that "KJRA actions" are independently appealable, even when the petition contains other claims. Goldman's KJRA claim arises under Chapter 77 and not under Chapter 60. Chapter 77 provides its own statute governing review by a higher court, stating: "Decisions on petitions for judicial review of agency action are reviewable by the appellate courts as in other civil cases." K.S.A. 77-623. This is the sole statute cited by the parties as a basis for our jurisdiction. Goldman and KU essentially contend that a final decision on a petition for judicial review of an agency action is appealable *as if it were a separate civil action*, even when other claims joined in the same case remain pending in the district court. But neither party shows the court how such an interpretation is either reasonable or supported by caselaw.

We cannot read this statute to mean that appeals from decisions on petitions for judicial review are sui generis—unlike those in other civil cases–so that they can be appealed piecemeal. Instead, the plain language of K.S.A. 77-623 requires us to determine appellate jurisdiction over a decision on a KJRA petition in the same manner that we determine jurisdiction in appeals from civil cases under Chapter 60.

Further, the Kansas Supreme Court has interpreted the statute to mean that we look to Chapter 60 to determine our jurisdiction

in KJRA cases. See *U.S.D. No. 279, v. Secretary of Kansas Dept. of Human Resources*, 247 Kan. 519, 524, 802 P.2d 516 (1990) ("From the outset we recognize that appellate review of an agency action is . . . as in other civil cases. K.S.A. 77-623."); *U.S.D. No. 352 v. NEA-Goodland*, 246 Kan. 137, 139-40, 785 P.2d 993 (1990) ("Under K.S.A. 77-623, an appellate court is to review a district court's review of an agency action in the same manner it would review any other decision of a district court in a civil matter.").

This court has done the same. See *Yeasin v. Univ. of Kansas*, No. 113,098, 2015 WL 5617617, at *6 (Kan. App. 2015) (unpublished opinion) ("Parties in an agency action before the district court under the KJRA may appeal the district court's decision to the appellate courts, just as parties do in other civil cases. K.S.A. 77-623."); *Miller v. Thompson*, 103,167, 2010 WL 3853326, at *2 (Kan. App. 2010) (unpublished opinion) (same), *rev. denied* 292 Kan. 965 (2011).

Had Goldman not joined his KJRA claims with his other claims in one action, and were we solely examining the appealability of the district court's decision on Goldman's KJRA claims, we would analyze the finality of that claim in the same way we would if it were a civil case and would have no trouble finding that decision to be final and properly appealable. This is the analysis we previously used in finding the district court's decision ordering a school board to hold a teacher due process hearing pursuant to K.S.A. 72-5446 was not a final, appealable decision.

"K.S.A. 77-623 provides 'petitions for judicial review of agency action are reviewable by the appellate court as in other civil cases.' Pursuant to K.S.A. 60-2102(a)(4), a party has the right to appeal a 'final decision' in any action. The jurisdictional question before this court, then, is whether the district court's decision ordering a due process hearing is a final, appealable decision. If not, the appeal is interlocutory and must be dismissed." *Nickels v. Board of Education of U.S.D. No. 453*, 38 Kan. App. 2d 929, 930-31, 173 P.3d 1176 (2008).

But that is not the procedural posture of this case. Goldman chose to join his tort, contract, and due process claims with his KJRA claims in a single action but appeals a decision which resolves only some of those claims. In accordance with the plain language of K.S.A. 77-623 and the general direction given us by caselaw, we

look to the jurisdictional rules governing appeals from civil actions to determine whether we have the authority to hear the appeal in this case. We will thus apply the general rules of Chapter 60 about finality of decisions and consider Goldman's KJRA claims to be appealable to the same extent they would be appealable were they Chapter 60 claims included in his petition.

Doing so makes sense, as Chapter 77 does not attempt to define or describe the appellate rights of a party as one would expect if the legislature had intended to create appellate jurisdiction independent from the ways in which Chapter 60 or other statutes already do so.

*No final decision in the action*

In a Chapter 60 action, our appellate jurisdiction generally extends only to final decisions which dispose of the entire action. "[T]he appellate jurisdiction of the court of appeals may be invoked by appeal as a matter of right from: . . . [a] final decision in any action." K.S.A. 60-2102(a)(4). In that context, a final decision is " 'one which finally decides and disposes of the entire merits of the controversy and reserves no further questions or directions for the future or further action of the court.' " *Plains Petroleum Co. v. First Nat'l Bank of Lamar,* 274 Kan. 74, 82, 49 P.3d 432 (2002) (quoting *State ex rel. Board of Healing Arts v. Beyrle,* 262 Kan. 507, Syl. ¶ 2, 941 P.2d 371 [1997]).

All parties agree that the agency, KU, took final action from which a petition for review was properly filed with the district court, and that the district court made a final decision *as to the KJRA claims only.*

Neither party contends that the district court's decision disposed of the merits of Goldman's entire action—it is undisputed that his tort, contract, and due process claims remain for resolution. In fact, Goldman acknowledges in the docketing statement that the appeal was *not* from a final order, as the district court's decision did not dispose of the action as to all claims by all parties. Because those unresolved claims are undeniably part of the "action" he filed in district court, see K.S.A. 60-202 (mandating only one form of action); K.S.A. 60-203 (describing an action as commencing with

the filing of a petition with the clerk of the court), the decision on Goldman's KJRA claims is not a final decision in the action from which an appeal may be taken as a matter of right.

*Piecemeal appeals are disfavored*

"[A]s part of the legislature's desire to reduce the chances of piecemeal appeals, the legislature has limited appeals to certain circumstances only. See generally K.S.A. 2007 Supp. 60-2102." *Harsch v. Miller,* 288 Kan. 280, 288-89, 200 P.3d 467 (2009).

"Kansas appellate courts generally have jurisdiction to hear an appeal only if it is taken in the manner prescribed by statute. See *Bartlett Grain Co. v. Kansas Corporation Comm'n,* 292 Kan. 723, 726, 256 P.3d 867 (2011). Moreover, Kansas appellate courts have a clear policy against piecemeal appeals. See *State v. Hall,* 298 Kan. 978, 986, 319 P.3d 506 (2014). Piecemeal appeals are discouraged and are considered exceptional. See *In re Adoption of Baby Girl P.,* 291 Kan. 424, 429, 242 P.3d 1168 (2010)." *Steinmetz v. United Parcel Serv.,* No. 113,262, 2015 WL 5458767, at *2 (Kan. App. 2015) (unpublished opinion).

"The policy of the new [Code of Civil Procedure] leaves no place for intermediate and piecemeal appeals which tend to extend and prolong litigation. Its purpose is to secure the just, speedy and inexpensive determination of every action." *Connell v. State Highway Commission,* 192 Kan. 371, 374, 388 P.2d 637 (1964); see also *Cooke v. Gillespie,* 285 Kan. 748, 754, 176 P.3d 144 (2008) (finding in Kansas, piecemeal appeals are frowned upon).

The effect of the district court's decision on Goldman's KJRA claims is no different than had the court granted summary judgment on Goldman's KJRA claims without addressing his tort, contract, and due process claims. In such cases, no final judgment exists upon which we can base our jurisdiction.

"Typically when a district court grants summary judgment on some but not all the claims in a case, those rulings are interlocutory and subject to change until the remaining claims have been otherwise resolved. In short, there is no final judgment and nothing to appeal. That's precisely what K.S.A. 2014 Supp. 60-254(b) provides. Were the general rule otherwise, a party could appeal a grant of summary judgment on a claim while other claims remained for trial. The result would be piecemeal review of a case in the appellate courts, something to be avoided as inefficient. As the Kansas Supreme Court has said: '[P]iecemeal appeals are discouraged and are considered exceptional.' *In re Adoption of Baby Girl P.,* 291 Kan. 424, 429, 242 P.3d 1168 (2010); see also *State v. Hall,* 298 Kan. 978, 986,

319 P.3d 506 (2014) ('Kansas has a clear policy against piecemeal appeals.'); *Gillespie*, 263 Kan. at 656." *Ball v. Credit Burea Servs., Inc.*, No. 111,144, 2015 WL 4366440, at °13 (Kan. App. 2015) (unpublished opinion).

See *In re Adoption of Baby Girl P.*, 291 Kan. 424, 429, 242 P.3d 1168 (2010) ("When a district court bifurcates an action and delays ruling on some part of the matter before it, the case usually becomes ripe for appeal only when the district court enters final judgment on all pending issues. *Cf. McCain v. McCain*, 219 Kan. 780, 783, 549 P.2d 896 [1976]."). The same is true here.

*No 60-254(b) certification*

Goldman earlier suggested the district court's decision is appealable because the district court directed the entry of judgment under K.S.A. 2014 Supp. 60-254(b). That statute provides:

"When an action presents more than one claim for relief, . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . ."

But the record shows the district court made no determination that there is no just reason for delay, and the parties admit they did not request one. Goldman's amended petition presents seven claims for relief, yet the court's order directs entry of judgment as to only four of them—his KJRA claims—and does not state that there is no just reason for delay. It simply states: "This memorandum decision constitutes a journal entry and judgment is entered in accordance with the findings hereinabove made." A certification pursuant to this statute must contain an express determination that there is no just reason for delay, as well as an express determination that the entry of judgment is a final judgment. *City of Salina v. Star B, Inc.*, 241 Kan. 692, 695, 739 P.2d 933 (1987). Because the decision appealed from does not include both of these statements, the decision "does not end the action as to any of the claims." K.S.A. 2014 Supp. 60-254(b).

It is too late now to make the necessary certification, as the parties and the district court are not permitted to amend a judgment for this purpose. Instead, the essential language must be included

in the original journal entry. See *Prime Lending II v. Trolley's Real Estate Holdings*, 48 Kan. App. 2d 847, 853-55, 304 P.3d 683 (2013). Accordingly, the parties have not shown that we arguably have jurisdiction pursuant to this statute.

*No Discretion—Judicial Economy*

Nor can we base jurisdiction on a desire for judicial economy. It is the function of the district court, and not an appellate court, to "act as a dispatcher" and to determine the appropriate time when each final decision in a multiple claims action is ready for appeal. The district court may exercise its discretion in the interest of sound judicial administration, but this court has no discretion to act in the interest of "judicial economy" in the absence of a statutory basis for our jurisdiction. *St. Paul Surplus Lines Ins. Co. v. Int'l Playtex, Inc.*, 245 Kan. 258, 259, 777 P.2d 1259 (1989).

*Conclusion*

No other basis for our appellate jurisdiction in this case has been argued or is apparent to this court. The parties do not contend this is an interlocutory appeal, and although the relevant statute permits appeals of nonfinal orders, the requisite circumstances are not present here. See K.S.A. 2013 Supp. 60-2102(c). Nor do the parties contend that the collateral order doctrine somehow applies, and we agree that it clearly does not. See generally *Svaty*, 291 Kan. at 611-12.

Regardless of the positions of the parties, whose strategy has produced unintended yet foreseeable consequences, and despite the desire we do have to promote judicial economy, we can do nothing but dismiss this appeal for lack of jurisdiction.

Dismissed.