NOT DESIGNATED FOR PUBLICATION

No. 124,060

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

REGINA SMITH, Individually and as Special Administrator and Duly Appointed
Representative of the Estate of Marc S. Smith,
*Appellant*,

v.

CITY OF WELLSVILLE, KANSAS, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Franklin District Court; ERIC W. GODDERZ, judge. Opinion filed March 11, 2022.
Reversed and remanded with directions.

*Lawrence L. Ferree III*, and *Alex S. Gilmore*, of Ferree, Bunn & Ridgway, Chartered, of Overland
Park, for appellants.

*Michael K. Seck*, of Fisher, Patterson, Sayler & Smith, L.P., of Overland Park, for appellees.

Before CLINE, P.J., GREEN, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: The district court dismissed Regina Smith's civil lawsuit after
finding the claims barred by the doctrine of res judicata under *Rhoten v. Dickson*, 290
Kan. 92, 223 P.3d 786 (2010), and *Stanfield v. Osborne Industries, Inc.*, 263 Kan. 388,
949 P.2d 602 (1997). While Smith's appeal of this dismissal was pending, the Kansas
Supreme Court overruled both *Rhoten* and *Stanfield* in *Herington v. City of Wichita*, 314
Kan. 447, 500 P.3d 1168 (2021). Based on *Herington*, Smith's claims are not barred by

1

the doctrine of res judicata. We reverse the district court's decision to dismiss the claims and remand the case for further proceedings.

Given the disposition of this appeal, the underlying facts are largely irrelevant. In summary, a dispute arose over a water line that delivered water from a City-owned water main to Marc and Regina Smith and their neighbors. The Smiths first sued appellees in federal court, alleging both federal and state law claims. The federal district court dismissed the federal claims for failure to state a claim and declined to exercise supplemental jurisdiction over the remaining state law claims, dismissing them without prejudice.

In December 2020, Regina Smith, individually and as Special Administrator of the estate of Marc Smith, then sued appellees in Franklin County District Court reasserting the same state law claims. Smith also asserted two new Kansas state law claims against some of the appellees (the City Defendants): (1) violations of equal protection and substantive due process rights under sections 1 and 2 of the Kansas Constitution Bill of Rights and (2) a petition for a writ of mandamus under K.S.A. 60-801 et seq.

The City Defendants moved for judgment on the pleadings, asserting that *Rhoten* and *Stanfield* controlled and mandated dismissal of all of Smith's claims based on res judicata. See *Rhoten*, 290 Kan 92; *Stanfield*, 263 Kan. 388. This was true at the time, so the district court appropriately granted the City Defendants' motion. The district court found that *Rhoten* and *Stanfield* mandated application of res judicata to Smith's claims and all four elements of res judicata were met: (1)Smith asserted the same claims in both the prior federal action and the state action; (2) the claims were against the same parties in both actions; (3) Smith raised or could have raised the claims in the state law action in the federal action; and (4) the dismissal of the federal action was a final judgment on the merits.

Smith's claim for declaratory judgment against the neighbors and the neighbors' counterclaims remained, but the City Defendants were dismissed from the case.

Smith appeals both the dismissal of the claims on res judicata grounds and the district court's finding that this dismissal rendered the pending motions in the state court action moot. We need not address Smith's arguments about these pending motions since the district court can address the motions on remand.

Before we address the merits of the appeal, we pause to address our jurisdiction. Although neither party raised the issue, we have an independent duty to determine whether we have jurisdiction over an appeal. If jurisdiction is lacking, we must dismiss the appeal. *Jenkins v. Chicago Pacific Corp.*, 306 Kan. 1305, 1308, 403 P.3d 1213 (2017) (providing appellate courts have duty to consider jurisdiction even if not challenged by parties); *Goldman v. University of Kansas*, 52 Kan. App. 2d 222, 225-26, 365 P.3d 435 (2015).

To that end, we issued a show cause order requesting additional briefing from the parties on jurisdiction. The City Defendants filed a supplemental brief; Smith did not. That said, we have examined jurisdiction and determined that since Smith asked for a writ of mandamus against the City Defendants, which was denied, or effectively denied by granting the motion for judgment on the pleadings, we have jurisdiction over this appeal under K.S.A. 2020 Supp. 60-2102(a)(2). This is also the statutory basis for appellate jurisdiction Smith listed in her docketing statement.

While the City Defendants argue Smith failed to specifically argue the mandamus claim on appeal, failing to brief an issue does not affect our jurisdiction over the appeal. Jurisdiction is legislatively defined by statute. See *West v. Miller*, No. 109,103, 2013 WL 6726175, at *3 (Kan. App. 2013) (unpublished opinion) (citing *Harsch v. Miller*, 288 Kan. 280, 287, 200 P.3d 467 [2009]) (noting this court's jurisdiction is legislatively

defined by statute). We also find the district court's denial of Smith's motion for an interlocutory appeal immaterial since Smith has a separate statutory basis for her appeal under K.S.A. 2020 Supp. 60-2102(a)(2).

As to the merits of the appeal, as noted above, the precedent on which the district court relied in dismissing Smith's claims against the City Defendants has since been overruled. Smith correctly notes in her Kansas Supreme Court Rule 6.09 letter (2022 Kan. S. Ct. R. at 40) that the Kansas Supreme Court's recent decision in *Herington* is directly on point and mandates reversal of the district court's decision. Because the Kansas Supreme Court in *Herington* overruled *Rhoten* and *Stanfield*—the sole basis for the district court's decision here—we reverse the district court's decision to grant the City Defendants' motion for judgment on the pleadings and its dismissal of Smith's claims. See *Herington*, 314 Kan. at 456-57, 464-65. Just like in *Herington*, we remand this case to the district court with directions to address the merits of Smith's state law claims. See 314 Kan. at 465. As noted above, the district court can also consider Smith's pending motions on remand, so we need not address Smith's remaining claims on appeal.

Reversed and remanded with directions to address the merits of the state law claims.