Nos. 114,607
114,608
118,043

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOSHUA D. ALLISON,
*Appellee*,

v.

STATE OF KANSAS,
*Appellant*.

SYLLABUS BY THE COURT

1.

Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited.

2.

The right to appeal is entirely statutory, and the limits of appellate jurisdiction are imposed by the Legislature. Kansas appellate courts may exercise jurisdiction only under circumstances allowed by statute; the appellate courts do not have discretionary power to entertain appeals from all district court orders.

3.

K.S.A. 2017 Supp. 60-2102(a)(4) provides for an appeal to the Kansas Court of Appeals as a matter of right from a final decision in any action, except in an action where a direct appeal to the Supreme Court is required by law.

1

4.

A "final decision" generally disposes of the entire merits of a case and leaves no further questions or possibilities for future directions or actions by the lower court. The term "final decision" is self-defining and refers to an order that definitely terminates a right or liability involved in an action or that grants or refuses a remedy as a terminal act in the case.

5.

Under the facts of this case, the district court's order granting the petitioner a new hearing on his K.S.A. 60-1507 motion was not a final decision in the civil proceeding subject to appeal by the State.

Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Opinion filed November 2, 2018. Appeal dismissed.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellant.

*Kristen B. Patty*, of Wichita, for appellee.

Before STANDRIDGE, P.J., MALONE, J., and STUTZMAN, S.J.

MALONE, J.:  This appeal began when Joshua D. Allison appealed the district court's order denying his K.S.A. 60-1507 motion alleging ineffective assistance of counsel at his criminal trial. In the process of the appeal, this court remanded for an evidentiary hearing pursuant to *State v. Van Cleave*, 239 Kan. 117, 716 P.2d 580 (1986), for examination of Allison's claim that the counsel appointed to represent him in district court in the K.S.A. 60-1507 proceeding was ineffective. On remand, the district court found that Allison's K.S.A. 60-1507 counsel had provided deficient representation, and the court ordered a new hearing on Allison's original K.S.A. 60-1507 motion. The State

2

seeks to appeal from that ruling, presenting to us a jurisdictional issue of first impression in Kansas. For the reasons stated below, we find that this court lacks jurisdiction over the issue raised by the State in this appeal, so we dismiss the appeal without prejudice until we have a final decision from the district court in the K.S.A. 60-1507 proceeding.

FACTUAL AND PROCEDURAL BACKGROUND

We will review the complex factual and procedural background presented in this appeal. In 2012, a jury found Allison guilty of two counts of aggravated robbery and two counts of driving while suspended, and the district court sentenced him to a controlling term of 274 months' imprisonment. Allison filed a direct appeal, and this court affirmed his convictions on November 8, 2013. *State v. Allison*, No. 108,340, 2013 WL 5976066 (Kan. App. 2013) (unpublished opinion). Notably, Allison tried to bring an ineffective assistance of trial counsel claim in his direct criminal appeal, but this court declined to address the claim for the first time on appeal. Allison did not file a petition for review to the Kansas Supreme Court in his criminal case.

On April 25, 2014, Allison filed a pro se motion for habeas corpus relief pursuant to K.S.A. 60-1507. In the motion, Allison alleged that his trial counsel in his criminal case, Rustin Rankin, had failed to provide effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution. Allison offered many examples of the purported ineffective assistance of counsel, including (1) failure to appear for scheduled court hearings and giving no reason for his absence; (2) failure to strike a juror during voir dire; (3) failure to file pretrial motions; (4) failure to challenge the complaint or information as defective; (5) failure to investigate and interview relevant individuals; (6) failure to object to evidence admitted and testimony presented at trial; (7) failure to call witnesses; (8) failure to request jury instructions; and (9) failure to file a motion for arrest of judgment.

Allison's motion was assigned to the same judge who presided over his criminal trial, and the district court appointed Philip J. Bernhart to represent Allison in the K.S.A. 60-1507 proceeding. The district court held an evidentiary hearing on January 27, 2015. At the hearing, Allison presented testimony from six witnesses, including himself and Rankin. On April 22, 2015, the district court issued its written order finding that Rankin had provided constitutionally sufficient assistance of counsel, and so the district court denied Allison's K.S.A. 60-1507 motion.

Allison appealed to this court and obtained new appointed counsel to represent him on appeal. As part of the appeal, Allison filed a motion for remand pursuant to *State v. Van Cleave* for the district court to determine whether Allison was denied his statutory right to the effective assistance of counsel in the K.S.A. 60-1507 proceeding. On March 23, 2016, after noting the absence of a response from the State, the presiding judge of this court's motions panel granted Allison's motion for remand. The order stated in part:

> "This matter is remanded to the district court for the limited purpose of allowing it to determine whether [Allison] was denied his statutory right to the effective assistance of counsel at the K.S.A. 60-1507 hearing . . . .
>
> ". . . This court retains jurisdiction over the appeal. Briefing is stayed. If [Allison] receives an adverse decision from the district court upon remand and wishes to have it reviewed by this court, he may submit an amended notice of appeal within 14 days of the entry of that judgment. [Allison] is ordered to serve and file with the Clerk of the Appellate Courts a report on the status of the proceedings by April 22, 2016."

Notably, this court's order outlined no procedure for the parties to take if Allison received a favorable decision from the district court upon remand. On December 19, 2016, the same judge who presided over the prior hearings held an evidentiary *Van Cleave* hearing on the effectiveness of Allison's K.S.A. 60-1507 counsel, Bernhart. Allison and Bernhart both testified at the hearing, which concluded on March 1, 2017.

4

On June 23, 2017, the district court filed its written order and found that Bernhart had "failed to review . . . the sentencing transcript; jury trial *voir dire* transcript; [and] closing arguments transcript of either counsel; the only transcript reviewed by Mr. Bernhart was the trial transcript." The district court also found that before the initial K.S.A. 60-1507 hearing, Bernhart did not review most of the State's discovery; he had no contact with Rankin; he did not review Rankin's files on Allison; he did not review Rankin's bills for services purportedly rendered to Allison; and he did not inquire into disciplinary proceedings pending against Rankin which eventually led to his disbarment. The district court concluded: "The only way to remove the taint of the prior proceedings is to grant [Allison] a new hearing on the original 60-1507 petition."

On July 5, 2017, after receiving the district court's order, this court issued an order to show cause noting that "[t]he district court's ruling that [Allison] is entitled to a new hearing on his K.S.A. 60-1507 motion appears to render this appeal moot," and ordering the parties to show cause why the appeal should not be dismissed. The day before the responses to the show-cause order were due, the State filed a notice of cross-appeal "from the decision of the Court dated June 23, 2017." In its cross-appeal docketing statement, the State conceded that the order it was appealing from was not a final decision because Allison's "appeal of the trial court's order denying [his] claim of ineffective assistance of trial counsel . . . remains pending before the Court of Appeals." Even so, the State cited K.S.A. 2017 Supp. 60-1507(d) as the statutory authority for its appeal.

On July 28, 2017, both parties responded to this court's order to show cause as to why the appeal should not be dismissed as moot. The parties agreed that Allison's issues on appeal were moot but the State expressed its intention to "docket a new appeal as the appellant" from the district court's ruling following the *Van Cleave* hearing. On the same day, Allison filed a motion for involuntary dismissal of the State's cross-appeal. Then on July 31, 2017, the State docketed a separate appeal, Case No. 118,043, in which it

5

purported to appeal the district court's order granting a new hearing on Allison's K.S.A. 60-1507 motion. Allison also filed a motion for involuntary dismissal of the new appeal.

On August 1, 2017, the presiding judge of this court's motions panel issued an order in this case that stated: "Appellant's direct appeal is dismissed as moot. This appeal will continue under the State's cross-appeal, although the State will now be referred to as the Appellant and Mr. Allison as the Appellee." On August 8, 2017, this court issued a show-cause order in both this appeal and Case No. 118,043, noting that "these appear to be the exact same appeal," and ordering the parties to show cause why the cases should not be consolidated. On the same day, this court issued an order in both cases denying Allison's motion for involuntary dismissal. But the order specifically stated: "If [Allison] continues to believe that this court lacks jurisdiction[,] he should brief this matter for the panel assigned to hear the merits of this appeal." Finally, on August 28, 2017, this court issued an order consolidating Case No. 118,043 with this appeal.

DOES THIS COURT HAVE JURISDICTION OVER THIS APPEAL?

On appeal, the State contends that the district court erred in granting Allison a new hearing on his K.S.A. 60-1507 motion because of ineffective assistance of counsel in the initial proceedings. The State argues that the district court did not analyze Bernhart's conduct under the objectively reasonable performance standard. The State also argues that the district court did not assess whether there was a reasonable probability that, but for Bernhart's purported errors, the outcome of the K.S.A. 60-1507 proceeding would have been different.

Allison contends that this court lacks jurisdiction over the State's appeal because it is an improper interlocutory appeal from the district court's ruling that Allison is entitled to a new hearing on his K.S.A. 60-1507 motion. Alternatively, Allison argues that the district court did not err in granting him a new hearing after finding that Bernhart failed

6

to provide Allison with effective assistance in the prosecution of his K.S.A. 60-1507 motion. The State filed no reply brief and has not responded to Allison's claim that this court lacks jurisdiction over this appeal.

We will first address Allison's claim that this court lacks jurisdiction over the State's appeal. Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017).

"'[T]he right to appeal is entirely statutory,' and 'the limits of appellate jurisdiction are imposed by the legislature.'" *State v. LaPointe*, 305 Kan. 938, 941-42, 390 P.3d 7 (2017). In other words, "Kansas appellate courts may exercise jurisdiction only under circumstances allowed by statute; the appellate courts do not have discretionary power to entertain appeals from all district court orders." *Williams v. Lawton*, 288 Kan. 768, 778, 207 P.3d 1027 (2009).

A K.S.A. 60-1507 motion is a civil proceeding, so an appeal from such an action is governed by K.S.A. 60-2101 et seq. K.S.A. 2017 Supp. 60-2102(a)(4) provides for an appeal to the Kansas Court of Appeals as a matter of right from "[a] final decision in any action, except in an action where a direct appeal to the supreme court is required by law."

> "A 'final decision' generally disposes of the entire merits of a case and leaves no further questions or possibilities for future directions or actions by the lower court. The term 'final decision' is self-defining and refers to an order that definitely terminates a right or liability involved in an action or that grants or refuses a remedy as a terminal act in the case. [Citation omitted.]" *Kaelter v. Sokol*, 301 Kan. 247, 249-50, 340 P.3d 1210 (2015).

K.S.A. 2017 Supp. 60-2102(c) also provides for interlocutory appeals under specific circumstances and at this court's discretion. But neither party argues that this court has jurisdiction under K.S.A. 2017 Supp. 60-2102(c), and a review of the record on

appeal shows that the procedures required to invoke this jurisdiction have not been followed. Thus, if this court has jurisdiction over the issue raised by the State in this appeal, it must be under K.S.A. 2017 Supp. 60-2102(a)(4).

As already discussed above, the State conceded in its docketing statement for its cross-appeal that the order it is appealing from was not a final decision. The State also identified the statutory authority for its appeal as K.S.A. 2017 Supp. 60-1507(d), which states: "An appeal may be taken to the appellate court as provided by law from the order entered on the motion *as from a final judgment* on application for a writ of habeas corpus." (Emphasis added.) It is unclear how K.S.A. 2017 Supp. 60-1507(d) applies to grant this court jurisdiction, as the district court's order granting Allison a new hearing was not a final judgment on his application for a writ of habeas corpus. The K.S.A. 60-1507 motion that started this case argued that Allison received ineffective assistance of trial counsel in his criminal case. This issue remains pending and was not resolved by the district court's order from which the State now appeals.

In its response to Allison's motion for involuntary dismissal, the State argued that the district court's order from which it seeks to appeal "erases the prior [K.S.A. 60-1507] proceeding and orders a new hearing—that decision is no different than if the lower court had found ineffective assistance in a proceeding in the first instance rather than on remand. . . . Such an order is appealable." To support its argument, the State cited *McHenry v. State*, 39 Kan. App. 2d 117, 177 P.3d 981 (2008). In that case, the State appealed from a district court's order in a K.S.A. 60-1507 proceeding finding that McHenry's trial counsel in his criminal case was ineffective and ordering that McHenry "'be discharged from custody unless the state of Kansas chooses to again prosecute [McHenry], in which event a new trial is ordered.'" 39 Kan. App. 2d at 119. This court found that the State had the right to appeal the district court's decision under K.S.A. 2007 Supp. 60-2102(a)(4). 39 Kan. App. 2d at 119.

8

As Allison notes in his brief, *McHenry* is materially distinguishable from this case. In *McHenry*, the district court's order finding ineffective assistance of counsel terminated the *civil* K.S.A. 60-1507 proceeding; the next step was to retry McHenry in his *criminal* case. 39 Kan. App. 2d at 119. This court recognized this same distinction in *Moll v. State*, 41 Kan. App. 2d 677, 680-82, 204 P.3d 659 (2009), *rev. denied* 290 Kan. 1094 (2010):

"Viewing a habeas corpus action under K.S.A. 60-1507 as an independent and original civil proceeding, such an action is terminated by the district court's order either granting or denying relief to the movant. [Citations omitted]. Once a district court has ruled on the relief requested, the *civil* proceeding has ended, except for any appeal of the decision." (Emphasis added.) 41 Kan. App. 2d at 681.

Based on *McHenry* and *Moll*, a district court's order in a civil K.S.A. 60-1507 proceeding finding ineffective assistance of counsel and granting the petitioner a new criminal trial is a final decision appealable by the State because such an order terminates the civil proceeding. But that is not the situation we have here. The district court's order from which the State now appeals did not terminate the civil proceeding. Instead, it vacated the original K.S.A. 60-1507 order—from which Allison originally brought this appeal—and ordered a new hearing on the K.S.A. 60-1507 motion.

As Allison argues, this situation is more like the granting of a new civil trial under K.S.A. 2017 Supp. 60-259(a)(1). "[A]n order granting a new trial . . . is generally not a final or appealable order." *NEA-Topeka v. U.S.D. No. 501*, 260 Kan. 838, 843, 925 P.2d 835 (1996); see also *Nickels v. Board of Education of U.S.D. No. 453*, 38 Kan. App. 2d 929, 932, 173 P.3d 1176 (2008). Here, the district court found a legal defect in Allison's initial K.S.A. 60-1507 hearing so it granted him a new one. This action is not a final decision subject to appeal. The understanding that a district court's order extending the civil proceedings is not a "final decision" is not limited to orders for a new trial. For example, our Supreme Court has dismissed for lack of jurisdiction an appeal from a district court's order setting aside its prior dismissal of a case when the appeal "was not

9

brought in accordance with the statute governing interlocutory appeals." *Wiechman v. Huddleston*, 304 Kan. 80, 81, 370 P.3d 1194 (2016).

Although the order from which the State now appeals occurred on remand by this court and it did fully resolve the limited question on remand—whether Allison's K.S.A. 60-1507 counsel was ineffective—the order did not dispose of the entire merits of the greater controversy at issue in the civil proceedings—whether Allison's trial counsel in his criminal case was ineffective. Instead, it was an intermediate step toward resolving that issue. The State may ultimately choose to appeal or cross-appeal the district court's ruling at the *Van Cleave* hearing once we have a final decision in the civil K.S.A. 60-1507 proceeding. But to allow the State now to appeal this intermediate ruling would run contrary to this court's longstanding aversion to inefficient, piecemeal appeals and its general preference for appeals only from final resolution of the case or in exceptional circumstances. See *Goldman v. University of Kansas*, 52 Kan. App. 2d 222, 229, 365 P.3d 435 (2015) ("'Piecemeal appeals are discouraged and are considered exceptional.'").

In sum, we conclude that this court lacks jurisdiction over the issue raised by the State in this appeal. The order from which the State seeks to appeal was not a final decision that terminated the civil K.S.A. 60-1507 proceeding in district court. The State may choose to appeal the district court's intermediate ruling at the *Van Cleave* hearing when we have a final decision from the district court in the K.S.A. 60-1507 proceeding.

Appeal dismissed.