NOT DESIGNATED FOR PUBLICATION

No. 122,380

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CARRIE KATHLEEN MEEHAN,
*Appellee*,

V.

SHANNON RILEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; PAUL C. GURNEY, judge. Opinion filed September 25, 2020. Appeal dismissed.

*Shannon Riley*, of Aiken, South Carolina, appellant pro se.

*Rhonda K. Levinson*, of Perry and Trent, L.L.C., of Bonner Springs, for appellee.

Before GREEN, P.J., STANDRIDGE, J., and MCANANY, S.J.

PER CURIAM: Carrie Kathleen Meehan commenced an action for breach of contract and other claims against Shannon Riley. Riley was personally served in South Carolina. In March 2018, Riley filed her answer, generally denying Meehan's claims. She also asserted a counterclaim against Meehan for a commission she claimed she was due for the sale of a horse that Meehan had imported from Ireland. Riley sought judgment against Meehan for a sum in excess of $25,000 and requested a jury trial.

In October 2018, Meehan moved for judgment for Riley's failure to comply with the court's discovery order, her failure to pay a court-imposed sanction, and her failure to

cooperate with Meehan in the preparation of an agreed pretrial order. Meehan sent Riley a notice of the hearing on this motion to her South Carolina address.

In December 2018, the district court entered judgment in favor of Meehan and against Riley on Meehan's claim, based on Riley's failure to comply with the court's discovery orders and her failure to attend pretrial hearings. The court's judgment included an award of punitive damages on Meehan's claim after hearing testimony on that issue.

In January 2019, the district court entered an order nunc pro tunc adding pre-judgment interest, which had been omitted from the original journal entry of judgment in favor of Meehan on her claim against Riley. At no time has the district court taken action on Riley's counterclaim against Meehan. The counterclaim remains pending.

Riley moved to set aside the judgment on Meehan's claim against Riley, and the district court denied the motion. Riley appealed.

K.S.A. 2019 Supp. 60-2102(a)(4) allows our court to review a final decision in a civil proceeding. A final decision is a decision "'which finally decides and disposes of the entire merits of the controversy and reserves no further questions or directions for the future or further action of the court.'" *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 610, 244 P.3d 642 (2010). The phrase "final decision" is self-defining and refers to an order that definitely terminates a right or liability involved in an action or that grants or refuses a remedy as a terminal act in the case. *Allison v. State*, 56 Kan. App. 2d 470, 475, 432 P.3d 87 (2018).

Interlocutory appeals may be taken when the district court certifies (1) that an order involves a controlling question of law about which substantial ground exists for difference of opinion and (2) that an immediate appeal may materially advance the ultimate termination of the litigation. The Court of Appeals may thereafter permit an

appeal in its discretion. K.S.A. 2019 Supp. 60-2102(c). No such certification exists in this case.

Riley's counterclaim for breach of contract is outstanding and has not been dismissed. The district court's judgment only provides: "Plaintiff Carrie Kathleen Meehan is granted judgment against Defendant Shannon Riley in the amount of $40,000.00 in actual damages, pre-judgment interest at the statutory rate on the actual damages of $40,000.00, $80,000.00 in punitive damages, post-judgment interest at the statutory rate, and the Costs of the action." No ruling has ever been sought, and no action has been taken on Riley's outstanding counterclaim.

We have invited the parties to show cause why this appeal should not be dismissed for lack of jurisdiction. Neither party has satisfactorily shown that we have jurisdiction notwithstanding the fact that no action has been taken on Riley's currently pending counterclaim.

Accordingly, there has been no final decision that disposes of all the outstanding issues in this case. As a result, we have no jurisdiction to consider this appeal and the appeal is dismissed.

Appeal dismissed.